PEOPLE *v.* KNOPEK

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—ILLEGALLY-OBTAINED CONFESSION.

   A plea of guilty is voluntary if it is knowingly and understandingly made with benefit of counsel, irrespective of the existence of an illegally-obtained confession.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

   A plea of guilty was voluntarily made where the trial judge before accepting the plea explained the offense charged, examined the defendant as to the reasons for his plea, discussed possible alternative pleas, explained that a guilty plea constituted a waiver of certain rights, indicated potential consequences which could ensue from a guilty plea, and where the defendant had an adequate opportunity to consult with counsel prior to entering the plea.

3. CRIMINAL LAW—PLEA OF GUILTY—COERCED CONFESSION.

   A plea of guilty made, after proper examination by the trial judge, to circumvent the expense of trial and perhaps motivated by hopes of leniency will not entitle a defendant after conviction to a hearing on the question of whether a coerced confession led to the guilty plea if the defendant simply adduces evidence indicating that the confession was coerced and that it contributed to his guilty plea.

4. CRIMINAL LAW—PLEA OF GUILTY—OUT-OF-COURT CONFESSION—JUDGE'S DUTY.

   The trial judge has no duty before accepting a plea of guilty to inquire *sua sponte* whether the defendant has made an out-of-court confession.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 485–487.
[3] 21 Am Jur 2d, Criminal Law § 485.
[4, 5] 21 Am Jur 2d, Criminal Law § 495.

5. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—STANDARD OF REVIEW.

Appellate courts reviewing guilty plea proceedings should address themselves to questions of substance, rather than form; the principal query should be whether there has been a miscarriage of justice.

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 January 7, 1971, at Lansing. (Docket No. 8573.) Decided February 23, 1971.

Ralph Robert Knopek was convicted, on his plea of guilty, of uttering and publishing a check with intention to defraud. Defendant's motion to withdraw his plea denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John P. Spires,* Prosecuting Attorney, for the people.

*Morrice & Lengemann,* for defendant on appeal.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Defendant entered a plea of guilty to a charge of uttering and publishing a check with intention to defraud and was convicted pursuant to MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

Subsequently, he filed a motion to withdraw his guilty plea on the ground that the plea was induced by a prior confession allegedly obtained by illegal means, and since the confession had been coerced, the plea was necessarily involuntary.

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

In raising the question under scrutiny, defendant has failed to take cognizance of the recently emergent jurisprudence holding that a guilty plea is "voluntary" if it is "knowingly and understandingly made with the benefit of counsel, irrespective of the existence of the illegally obtained confession". *People* v. *Temple* (1970), 23 Mich App 651, 660. See, also, *McMann* v. *Richardson* (1970), 397 US 759 (90 S Ct 1441, 25 L Ed 2d 763).

Even a cursory examination of the record amply indicates the voluntariness of defendants' plea. The trial judge explained the offense charged, examined defendant as to the reasons for his plea, discussed possible alternative pleas, explained that a guilty plea constituted a waiver of certain rights, and indicated potential consequences which could ensue from a guilty plea; also, defendant had an adequate opportunity to consult with counsel prior to entering the plea. Furthermore, we note that neither defendant nor his attorney attempted to suppress the confession at trial.

Where a defendant, aided by counsel, nevertheless, decides to plead guilty to circumvent the expense of trial and perhaps also motivated by hopes of leniency, he, after conviction is not entitled to a hearing on the question of whether a coerced confession led to the guilty plea if he simply adduces evidence indicating that the confession was coerced and that it contributed to his guilty plea. *McMann, supra.*

Whether defendant's confession had been brought to the attention of the trial judge or whether the trial judge had read the preliminary examination does not appear of record but, in any event, no burden has devolved upon the trial judge to inquire *sua sponte* whether or not defendant had made an out-of-court confession. *People* v. *Medley* (1970),

27 Mich App 195; *People* v. *Kinsman* (1970), 21 Mich App 242; *People* v. *Lucy* (1970), 21 Mich App 252.

The public policy of our state, as expressed in statutory enactments and opinions of our Supreme Court, indicates that on review appellate courts should address themselves to questions of substance, rather than form, and that the principal query should be whether there has been a "miscarriage of justice". *People* v. *Dunn* (1968), 380 Mich 693, 701.

It would be exceedingly difficult in the instant case to discover any "miscarriage of justice".

There being no reversible error, the decision of the trial court in denying defendant's motion to withdraw his plea of guilty is affirmed.

Affirmed.