PEOPLE *v.* NEWTON

1. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—SUBSTAN-
   TIVE ERROR—PROCEDURAL ERROR.

   A plea of guilty should be reversed only when the error com-
   plained of is substantive; a merely formal procedural error,
   absent a substantive miscarriage of justice, will not be
   grounds for reversal.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—COURT RULE.

   Failure to inquire if the guilty-pleading defendant was plead-
   ing guilty because of any promises that might have been made
   or if the plea was the result of any coercion was reversible
   error, because a court rule specifically requires that the volun-
   tariness of the plea of guilty be determined (GCR 1963,
   785.3).

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—COURT'S
   DUTY.

   A court before accepting a plea of guilty must determine whether
   the plea is voluntarily given; the defendant must be specifically
   asked why he is pleading guilty and whether the plea is being
   given voluntarily (GCR 1963, 785.3).

Appeal from Muskegon, Charles A. Larnard, J.
Submitted Division 3 February 3, 1971, at Grand
Rapids. (Docket No. 9067.) Decided March 31,
1971.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 495.
[1–3] Court's duty to advise or admonish accused as to consequences
   of plea of guilty, or to determine that he is advised thereof.
   97 ALR2d 549.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 485–487, 505.

Robert Newton was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Lawrence R. Backofen,* Assistant Prosecuting Attorney, for the people.

*G. Thomas Johnson,* for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. On February 17, 1969, defendant pled guilty to unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). Defendant now argues that because the trial judge never specifically inquired as to whether defendant was voluntarily making his plea, the requirements of GCR 1963, 785.3 have not been met.

Since the decisions by the Michigan Supreme Court in *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719, it has been the rule in Michigan that in reviewing guilty pleas, the appellate court should only reverse when the error is substantive and that mere formal procedural error without accompanying substantive miscarriage of justice will not be grounds for the reversal of a guilty plea. Following our Supreme Court's decisions, this Court recently stated:

"The Court has held in these decisions that in accepting a plea of guilty, the judge must determine whether the accused was in fact guilty, whether he is pleading guilty because he is guilty, and his plea

was free from coercion. The trial court should be concerned with the substance, not the form of the plea. The trial judge is not bound by any set, prescribed, stereotyped form of examination. The form and manner of the examination is left to the judge's sound discretion."[1]

Therefore, although this Court is concerned more with the substance of the plea taking than the form thereof, the trial court must still meet the requirements of GCR 1963, 785.3. In the instant case the defendant was not asked at any time whether he was pleading guilty because of any promises that might have been made to him or because he had been coerced into making the plea. Although the trial court did a careful job of taking the plea, he did not inquire as to why defendant was making the plea and this, in our opinion, is error.

Without some kind of a question concerning the voluntariness of defendant's plea, it is impossible for this Court to put substance over form for purposes of determining whether or not GCR 1963, 785.3 has been complied with. The court rule plainly requires that the trial court determine whether or not the plea is voluntarily given by the defendant. It is our opinion that the court rule requires that defendant be specifically asked why he is pleading guilty and whether or not such plea is being given voluntarily. Anything less does not meet the requirements of the court rule and is, therefore, error.

Reversed and remanded.

---

[1] *People* v. *Williams* (1970), 27 Mich App 567, 570.