PEOPLE v KENDRICKS

1. Criminal Law—Plea of Guilty—Assistance of Counsel—Indigent.

> The trial court, in a proceeding for the acceptance of a plea of guilty, need not advise the accused of his right to appointed counsel, if indigent, where the accused is represented by retained counsel (GCR 1963, 785.3[1]).

2. Criminal Law—Plea of Guilty—Illegally Seized Evidence.

> The trial court, in a proceeding for the acceptance of a plea of guilty, has no duty to inquire of the accused as to the existence of a right to challenge evidence which may have been illegally seized, and the court's failure to make that inquiry does not vitiate the voluntariness of the plea, if knowingly and understandingly made with benefit of counsel (GCR 1963, 785.3[1]).

3. Criminal Law—Plea of Guilty—Voluntariness.

> The rule that the court, prior to accepting an accused's plea of guilty, must ascertain that the plea has not been improperly coerced or induced does not require the court to use any particular words in questioning the accused (GCR 1963, 785.3[1]).

4. Criminal Law—Plea of Guilty—Voluntariness.

> The trial court properly fulfilled its duty to ascertain that the plea of guilty offered by the accused had not been improperly coerced or induced even though it did not specifically ask him whether the plea was offered because of any promises or because of coercion where the accused indicated, in response to the court's questions, that his plea was freely and voluntarily made and that no one had told him he had to plead guilty or that the court would be lenient (GCR 1963, 785.3[1]).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 April 4, 1972,

---

Reference for Points in Headnotes
[1–4] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

at Detroit. (Docket No. 12490.) Decided May 26, 1972. Leave to appeal denied, 388 Mich 797.

Richard Kendricks was convicted, on his plea of guilty, of attempted carrying a concealed weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Albert A. Goldfarb,* for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant pled guilty to attempted carrying of a concealed weapon in a motor vehicle, MCLA 750.92; MSA 28.287; MCLA 750.227; MSA 28.424, and was sentenced to 2 to 2–1/2 years in prison. Thereafter defendant moved to vacate the plea; said motion was denied. This appeal followed.

Defendant was represented by retained counsel at the guilty plea. On appeal defendant asserts that the trial court erred reversibly in failing to advise him that appointed counsel would be appointed if he were indigent. The thrust of his argument is that, even though he had retained counsel, he must be advised that appointed counsel would be provided if he chose to go to trial, and he could not afford to continue to retain counsel for the trial. Defendant cites no authority for the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

proposition that one who has retained counsel should be advised of his right to appointed counsel, if indigent.

Aside from the fact that there is no showing that defendant was indigent or that he offered his guilty plea because he could not afford to continue to retain counsel if he went to trial, we find no requirement in the court rule concerning the taking of guilt pleas obliging the court to advise a defendant of his right to appointed counsel, if indigent, where the defendant has retained counsel. GCR 1963, 785.3(1) provides only that:

*"If the accused is not represented by counsel* upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled * * * to have counsel, and that in the case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him." (Emphasis supplied.)

The logical negative inference to be drawn from the above quoted language is that the trial court need not so advise the accused, if the accused is represented by counsel. In the absence of any authority to the contrary, we hold that the trial court need not advise the accused of his right to appointed counsel, if indigent, where the accused is represented by retained counsel.

Defendant's contention that the trial court's failure to advise him of his right to challenge evidence which may have been illegally seized is equally without merit. As with the case of confessions, the trial court has no duty to inquire as to the existence of such a defense, nor will its failure to do so vitiate the voluntariness of the plea, if knowingly and understandingly made with benefit of counsel. See *People v Temple,* 23 Mich App 651 (1970); *People v Knopek,* 31 Mich App 129 (1971);

see, also, *Hawkins v State,* 26 Wis 2d 443; 132 NW2d 545 (1965).

Thirdly, the defendant asserts that the trial court erred in failing to inquire of him as to why he was pleading guilty and cite as authority *People v Newton,* 32 Mich App 271, 273 (1971).

For clarification we quote from that opinion:

"In the instant case the defendant was not asked at any time whether he was pleading guilty because of any promises that might have been made to him or because he had been coerced into making the plea."

The purpose of the *Newton* requirement is to ascertain that the plea has not been improperly coerced or induced. The issue is whether this goal was accomplished, not whether the trial court used particular words. In this case the trial court's questions did sufficiently establish this fact. The defendant in response to the court's questions indicated that his plea was freely and voluntarily made and that no one had told him he had to plead guilty or that the court would be lenient. Therefore, the substance of the *Newton* requirement was met.

Affirmed.

All concurred.