PEOPLE v HURSE

Docket No. 69266. Submitted August 2, 1983, at Grand Rapids.— Decided September 14, 1983.

Defendant, Roberta J. Hurse, pled guilty in the Berrien Circuit Court to larceny from a building and was sentenced to prison. Defendant was represented by counsel when she entered her plea and at her sentencing. At the time of her plea, the trial court, Julian E. Hughes, J., gave an extensive recitation of defendant's rights but did not advise defendant that if she were indigent she would have the right to appointed counsel at trial. Defendant appeals claiming that the failure to so advise her was error. *Held:*

1. A trial court need not advise the accused of her right to appointed counsel, if indigent, where the accused is represented by retained counsel.

2. A trial court need not advise the accused who is represented by counsel of her right to appointed counsel at future proceedings.

3. The language "If the defendant is not represented by a lawyer, the record must affirmatively show at each proceeding that advice of the right to a lawyer at public expense was given and that the defendant waived that right" contained in GCR 1963, 785.4 applies to all of rule 785.4, subds (1), (2), and (3).

Affirmed.

CRIMINAL LAW — ASSISTANCE OF COUNSEL — COURT RULES.

The intent of the court rule on criminal procedure regarding advice on the assistance of counsel is to make certain that defendants unrepresented by counsel are advised of their right to be represented; a defendant who has a lawyer needs no such advice; advising a defendant represented by counsel of his right to appointed counsel at future proceedings is not required by the court rules (GCR 1963, 785.4).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 732.

*Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

*Michael C. Dorstewitz,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant entered a plea of guilty to larceny from a building and was sentenced to prison. She was represented by counsel when she entered her plea and at sentencing. At the time of the plea, the trial judge gave an extensive recitation of defendant's rights but did not advise defendant that if she were indigent she would have the right to appointed counsel at trial. Defendant claims this was error. We disagree.

This issue was addressed by the Court in *People v Kendricks,* 41 Mich App 146; 199 NW2d 650 (1972), where the Court, relying on the then GCR 1963, 785.3(1) said:

"In the absence of any authority to the contrary, we hold that the trial court need not advise the accused of his right to appointed counsel, if indigent, where the accused is represented by retained counsel." *Kendricks,* p 148.

The rule then provided as follows:

".3 Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:
"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken."

(GCR 1963, 785.3 was amended to its current status on April 27, 1976.)

Present rule GCR 1963, 785.4 states in pertinent part:

".4 Advice on the Assistance of Counsel; Appointment; Joint Representation.

"(1) At the arraignment on the complaint and warrant, the court shall personally advise the defendant that

"(a) he is entitled to the assistance of a lawyer; and

"(b) if he is financially unable to provide a lawyer to represent him and he wants a lawyer, the court will appoint one for him at public expense.

"(2) If the defendant requests a lawyer and the court finds that he is financially unable to provide a lawyer, the court shall appoint a lawyer to represent him. The order of appointment authorizes the lawyer

"(a) to represent the defendant in the trial court, including in proceedings leading to possible revocation of youthful trainee status;

"(b) to pursue interlocutory appeals to the Court of Appeals, when the lawyer believes the case warrants; and

"(c) to respond to prosecutor appeals to the Court of Appeals, either interlocutory or as of right.

"(3) Even though a defendant has waived the assistance of a lawyer, the court shall advise him at each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial, or sentencing) of his right to a lawyer at public expense. Before the court proceeds,

"(a) the defendant must reaffirm that he does not want a lawyer's assistance; or

"(b) if he is eligible for and then requests the appointment of a lawyer, the court must appoint one; or

"(c) if he wants to retain a lawyer and has the financial ability to do so, the court must allow him a reasonable opportunity to retain a lawyer."

We believe that the current rule compels the same result as in *Kendricks.* Immediately following rule 785.4(3) the following language appears:

"If the defendant is not represented by a lawyer, the record must affirmatively show at each proceeding that advice on the right to a lawyer at public expense was given and that the defendant waived that right."

This language applies to all of rule 785.4, subds (1), (2), and (3). The intent of the rule is to make certain that defendants unrepresented by counsel are advised of their right to be represented. A defendant who has a lawyer needs no such advice and *Kendricks* makes it clear that advising a represented defendant of his or her right to appointed counsel at future proceedings is not required by the court rules which were promulgated with constitutional requirements in mind.

Affirmed.