PEOPLE v SPEARS

Docket No. 77347. Submitted September 10, 1985, at Grand Rapids.—
    Decided October 9, 1985.

Kenneth D. Spears, pursuant to a plea bargain by which an
    habitual offender charge was dismissed, pled guilty in Berrien
    Circuit Court to a charge of unarmed robbery. Prior to accept-
    ing the plea, the trial court, William S. White, J., while
    advising defendant of all his other rights, failed to advise
    defendant that he had a right to counsel and that if he could
    not afford counsel one would be appointed at public expense.
    Defendant's guilty plea was accepted and he was sentenced.
    Defendant appealed, contending that even though he was rep-
    resented by counsel at every stage in the case it was error for
    the trial court at the plea proceeding not to advise him of his
    right to counsel. *Held:*

    A defendant who has a lawyer need not be advised by the
    trial court that he has a right to a lawyer. The trial court did
    not err in not advising defendant of the right to counsel.

    Affirmed.

CRIMINAL LAW — ASSISTANCE OF COUNSEL.
    A defendant who has a lawyer need not be advised by a trial
    court that he has a right to a lawyer (GCR 1963, 785.4).

*Frank J. Kelley,* Attorney General, *Louis J. Ca-
ruso,* Solicitor General, *Paul L. Maloney,* Prosecut-
ing Attorney, and *John T. Burhans,* Assistant
Prosecuting Attorney, for the people.

*Michael C. Dorstewitz,* for defendant on appeal.

Before: ALLEN, P.J. and R. B. BURNS and
MACKENZIE, JJ.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Criminal Law §§ 967-992.
Modern status of rule as to test in federal court of effective
    representation by council. 26 ALR Fed 218.

PER CURIAM. Under GCR 1963, 785.4 must a trial court inform a defendant of his right to counsel when the defendant is already being represented by counsel? We answer that question in the negative and affirm.

At arraignment in circuit court on July 5, 1983, defendant pled not guilty to a charge of unarmed robbery and a supplemental charge of being a third-time felony offender. On September 9, 1983, defendant was rearraigned and pled guilty to the principal charge in return for a dismissal of the habitual offender charge. At the plea taking proceeding, the trial court advised defendant of all of his other rights but failed to advise defendant that he had a right to counsel and that, if he could not afford counsel, one would be appointed at public expense. Sentenced to from 10 to 15 years in prison, defendant appeals as of right contending that even though he was represented by counsel at the initial arraignment, at the rearraignment, and at the plea taking proceeding it was error for the trial judge not to have advised defendant of his right to counsel.

This precise issue was raised and rejected by this Court in *People v Hurse,* 128 Mich App 772; 341 NW2d 213 (1983). Defendant contends that *Hurse* was based on *People v Kendricks,* 41 Mich App 246; 199 NW2d 650 (1972), which involved GCR 1963, 785.3(1). Rule 785.3(1) at that time was prefaced by the words "[i]f the accused is not represented by counsel". Defendant argues that, subsequent to the decision in *Kendricks,* the rule was changed to present rule 785.4 and, because 785.4 does not contain the provisional language previously found in the old rule, *Kendricks* no longer applies. We disagree.

Defendant's argument overlooks the language appearing in 785.4(3), which reads:

*"If the defendant is not represented by a lawyer,* the record must affirmatively show at each proceeding that advice on the right to a lawyer at public expense was given and that the defendant waived that right." (Emphasis supplied.)

The above language was cited by the *Hurse* Court, which then opined that:

"The intent of the rule is make certain *that defendants unrepresented by counsel* are advised of their right to be represented. A defendant who has a lawyer needs no such advice * * *." 128 Mich App 775.

Contrary to defendant's claim, GCR 1963 785.4(3) is not unequivocal in requiring that the defendant be informed of the right to counsel. We agree with *Hurse.* A defendant who has a lawyer need not be advised that he has a right to a lawyer. Since defendant was represented by counsel at every stage in this case, the trial court did not err in not advising defendant of the right to counsel.

Affirmed.