PEOPLE *v.* DAVIS.

1. CRIMINAL LAW—CHANGE OF PLEA—SENTENCE.
   Generally, a defendant in a criminal prosecution has the privilege of changing a plea of guilty to one of not guilty at any time prior to sentence, but such right is not an absolute right.

2. SAME—CHANGE OF PLEA—PROBATION REPORT—ABORTION.
   Order denying motion by defendants for leave to withdraw plea of guilty to charge of abortion and attempted abortion is not disturbed, where pleas of guilty had been entered after information had been amended to contain a count charging lesser offenses to which pleas of guilty were entered and accepted and change of pleas were sought after it became apparent to defendants from an examination of probation reports that their expectations of a light sentence were not to be realized.

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted January 16, 1964. (Calendar No. 28, Docket No. 50,309.) Decided March 5, 1964.

Harold Frederick Davis pleaded guilty to abortion and Helen Mary Lanning to attempted abortion. Motion to withdraw pleas denied. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

*Goldfarb & Hudnut (Albert A. Goldfarb,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 14 Am Jur, Criminal Law § 286 *et seq.*

DETHMERS, J.   Defendants had been arraigned in
the recorder's court for the city of Detroit on an
information charging conspiracy to commit abor-
tion.   They were present in court on the day set for
trial.   The people's 29 witnesses had been sub-
poenaed and were prepared to testify.   There had
been a preliminary examination and defendants and
their counsel were aware of the proofs which were
available to the people to prove the case.   When
the case was called for trial the attorney for defend-
ants announced that they wished to plead guilty to
the second count of abortion.   The information then
contained no second count, but the prosecuting attor-
ney, at that juncture, moved to add a count of abor-
tion, defendants' attorney consented, and the court
so ordered.   Defendant Davis thereupon entered
a plea of guilty to abortion and defendant Lanning
to the included offense of attempted abortion.

After accepting the guilty pleas, the court re-
ferred the matters to the probation department for
report prior to sentence.   The time for sentence was
fixed for a day certain just 3 weeks later.

On the sentence date defendants, with their attor-
ney, appeared for sentence.   The attorney presented
a letter to the court from a clinic, advising that
defendant Davis was a victim of tuberculosis.   The
court had a number of other matters to attend to
first, so that defendants and counsel waited around
the court for about 3 hours.   During that period the
attorney was permitted to read the probation depart-
ment report about defendants.   The attorney for-
merly had worked for 1 of the judges of that court
and knew the procedure there.   Earlier that morn-
ing the attorney and the judge had coffee together
and talked with each other, but nothing was said
about withdrawing the plea of guilty.   After the at-
torney had had the opportunity to read the reports,
and, as the prosecuting attorney suggests, gained

some impression of what the sentences were to be, the defendants were called up for sentence. Their attorney then moved for permission to withdraw their pleas of guilty. The court, referring to their conversation together earlier that morning, said, "All you had to do was to come in this morning and tell me that the defendant desired to withdraw his plea, and that would have been all there would be to it, then." The court went on to say, however, that the attorney had failed to do that but spent the time around the court, "to read the reports over at your leisure. Now, in view of all that, I will not entertain a motion to withdraw the plea." The judge also said, "Well, I will say that I don't think it is proper for an attorney to come in and read the results of the examination, and especially as far as you, where you have been working for 1 of the judges here, and you know the procedure here, and you know very well what the law is, wherein a defendant is allowed to withdraw his plea. Now, I don't believe that he should be allowed to withdraw his plea, after his attorney has read the probation reports and has talked to the judge about it." The court then sentenced Davis to "Jackson prison" for a term of from 2 to 4 years and defendant Lanning to the Detroit house of correction for a term of from 1-1/2 to 2 years. Defendants appeal here. (It is to be noted that a suggestion of death since has been filed as to defendant Davis.)

For the proposition that a defendant may withdraw a plea of guilty at any time before sentence defendants cite *People* v. *Piechowiak,* 278 Mich 550, *People* v. *Stone,* 293 Mich 658, *People* v. *Vasquez,* 303 Mich 340, *People* v. *Hollingsworth,* 338 Mich 161, and many others, including *People* v. *Bencheck,* 360 Mich 430, in which this Court said that, "there is no absolute right to withdrawal of a guilty plea" but that, when a defense of innocence is asserted at the

time of request to withdraw the plea and the request is not obviously frivolous and is made before commencement of trial or sentence, it should be granted.

In observing that the right to withdraw the plea of guilty is not absolute this Court, in *Bencheck,* made reference to *People* v. *Banning,* 329 Mich 1, and *People* v. *Case,* 340 Mich 526. *Banning* was a case in which, while trial was in progress, defendant withdrew a not guilty plea and entered a plea of guilty. Later, when about to be sentenced, he sought to withdraw the guilty plea. This Court held that he could not do this because his guilty plea had been made after trial had commenced. In *Case* defendant entered a plea of guilty, along with a number of codefendants. When defendant Case was before the court for sentence and it became obvious from what the judge had said to a codefendant and the prison sentence imposed upon the latter, that defendant Case would not receive the lighter sentence he had expected, his attorney asked to withdraw the plea of guilty. Denial of the request was affirmed by this Court. Portions of the syllabi in the case set forth the reasons of this Court in so doing. They read as follows:

"Generally, a defendant in a criminal prosecution has the privilege of changing a plea of guilty to one of not guilty at any time prior to sentence, but such right is not an absolute right." (Syllabus 1.)

"Order denying motion by 1 of several defendants for leave to withdraw plea of guilty to charge of high misdemeanor is not disturbed, where plea of guilty has been entered after prosecuting attorney, with consent of the court, had dismissed 7 felony counts against defendant with the understanding defendant would plead guilty to a misdemeanor count and there is no claim of mistake or misunderstanding on defendant's part or that he had a defense to the charge." (Syllabus 3.)

"The mistake of defendant, in expecting a lighter sentence than 6 months to 1 year for charge of operating a retail automobile business and having no sales tax license, is not a sufficient reason for permitting him to withdraw plea of guilty and interposing plea of not guilty." (Syllabus 4.)

As in *Case,* so here, after not guilty pleas, when trial was about to start, the information was amended to contain a count 2 charging a lesser offense, with the understanding that the defendants would plead guilty thereto; then pleas of guilty were so entered and accepted; at time for sentence it had become apparent to them from the probation reports that their expectations of a light sentence were not to be realized and, for that reason, they sought to change their pleas. Under the reasoning and holding in *Case,* it was not error for the court to deny the motion to withdraw the pleas of guilty in this case.

Affirmed.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.