## PEOPLE *v*. PRIMEAU

BURGLARY—INTENT—PLEA OF GUILTY.

    Acceptance of pleas of guilty of breaking and entering a building with intent to commit a felony or larceny therein was improper when it appeared that defendants denied having the necessary intent to commit any felony in the building into which they admitted breaking (MCLA § 750.110).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 May 7, 1970, at Lansing. (Docket Nos. 8,537, 8,714.) Decided May 28, 1970.

Lloyd George Primeau and Archibald P. Primeau were convicted, on their plea of guilty, of breaking and entering with the intent to commit a felony. Defendants appeal. Reversed and remanded.

*Anthony M. Bonadio,* for Lloyd George Primeau on appeal.

*Bush, Luce, Henderson & Black,* for Archibald P. Primeau on appeal.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 492.

T. M. Burns, P. J.   In this cause, the people have
not filed a brief in opposition to the defendants'
briefs.   We, therefore, will consider the case in the
light of facts as stated by the defendants in their
briefs, which are substantially the same.

"On September 7, 1969, defendant Lloyd George
Primeau, with his brother Archibald P. Primeau,
broke and entered Bud's Bar in St. Clair County,
Michigan.   Unfortunately for these two men they
were rather careless in that they left their auto-
mobile across the street from the tavern and kicked
in the tavern window within a short eye distance
of two fishermen, who casually observed the whole
thing.   Two patrol cars from the Algonac and New
Baltimore police departments sped to the scene and
again our defendants displayed a remarkable lack
of quick wittedness in calmly remaining inside the
tavern awaiting arrest.   Defendants admittedly and
obviously had been engaged in considerable drink-
ing prior to these activities.

"The very next day, September 8, 1969, both de-
fendants were rapidly processed through the 72nd
Judicial District Court, St. Clair county and were
then taken upstairs to the St. Clair county circuit
court for arraignment on a charge of breaking and
entering with intent to commit a felony or larceny.
(M.S.A.   28.305).[1]   Neither defendant was repre-
sented by counsel.   Following the obligingly co-
operative plea of guilty by defendant Lloyd George
Primeau to this ten year felony, the following col-
loquy transpired:

"*The Court:*   You are Lloyd George Primeau, is
that right?

"*Lloyd G. Primeau:*   Right.

"*The Court:*   I wish to advise you you are entitled
to a trial by jury or a trial before the court without
a jury, if you prefer.   You are entitled to have a
lawyer to defend you.   In case you are not financially

---

[1] MCLA § 750.110 (Stat Ann 1962 Rev § 28.305).—Reporter.

able to hire a lawyer, the court will appoint one for you at public expense. In case of a trial, your guilt must be proved beyond a reasonable doubt.

"Do you wish an attorney to defend you?

"*Lloyd G. Primeau:* No, sir.

"*The Court:* Do you wish to plead to the charge?

"*Lloyd G. Primeau:* Yes, sir.

"*The Court:* Were any threats or duress or anything of that nature used to cause you to plead?

"*Lloyd G. Primeau:* No, sir.

"*The Court:* Was there any promise of leniency or any other promise?

"*Lloyd G. Primeau:* No, sir.

"*The Court:* Will your plea be voluntarily made?

"*Lloyd G. Primeau:* Yes, sir.

"*The Court:* What is your plea?

"*Lloyd G. Primeau:* Guilty.

"*The Court:* Tell me what happened.

"*Lloyd G. Primeau:* We come over here—

"*The Court:* Whereabouts did you come from?

"*Lloyd G. Primeau:* Chatham, Ontario. Really, there was no need for this because I have my own business and why I ever tried something like this, I don't know.

"*The Court:* Where had you been before you came to Bud's Bar?

"*Lloyd G. Primeau:* Robert's Landing.

"*The Court:* What is at Robert's Landing?

"*Lloyd G. Primeau:* There is a bar there.

"*The Court:* You left that bar and went to Bud's?

"*Lloyd G. Primeau:* Yes.

"*The Court:* What happened after you left Robert's Landing?

"*Lloyd G. Primeau:* We went for a drive and this happened.

"*The Court:* Tell me what happened.

"*Lloyd G. Primeau:* We just had too much to drink. There was no need for that. I have money in the bank and in my shop. I don't even know what possessed me to do it.

"*The Court:* What did you do?

"*Lloyd G. Primeau:* We broke into this restaurant and bar.

"*The Court:* How did you get in?

"*Lloyd G. Primeau:* Through the window.

"*The Court:* What did you do after you got in there?

"*Lloyd G. Primeau:* Actually, nothing.

"*The Court:* How come you went out after you got in?

"*Lloyd G. Primeau:* How come we went out?

"*The Court:* Yes.

"*Lloyd G. Primeau:* The police come there.

"*The Court:* They came while you were in the bar, is that it?

"*Lloyd G. Primeau:* That's right.

"*The Court:* And they took you out of the bar?

"*Lloyd G. Primeau:* That's right.

"*The Court:* What were you doing when they got there?

"*Lloyd G. Primeau:* What were we doing?

"*The Court:* Yes.

"*Lloyd G. Primeau:* Actually, we had nothing in our hands even.

"*The Court:* How long had you been in there?

"*Lloyd G. Primeau:* I don't know. I really don't know. It could have been 15 minutes. It could have been 20 minutes. I don't know.

"*The Court:* You don't remember what you did while you were in there?

"*Lloyd G. Primeau:* No, I don't.

"*The Court:* Did you get anything to drink while you were in there?

"*Lloyd G. Primeau:* I might have taken a drink, but I have my doubts if I did.

"*The Court:* Who drove the car?

"*Lloyd G. Primeau:* I did.

"*The Court:* I will accept your pleas of guilty.

"Despite the overwhelmingly clear lack of the intent expressly required by the statute, the guilty plea was accepted. On October 9, 1969, defendant

Lloyd George Primeau was sentenced to serve from three to ten years at Jackson Prison.

"Claim of appeal was filed December 1, 1969. On December 7, 1969 appellant moved in circuit court for bail pending appeal. Denial of this motion resulted in the filing of a similar motion in this Court of Appeals, which motion was decided and order issued by the Court of Appeals on the 19th day of January, 1970, being Court of Appeals case No 8537 stating as follows:

" 'It is ordered that the motion for immediate consideration be, and the same is hereby granted.

" 'It is further ordered that the motion for stay of sentence and to fix bail be, and the same hereby is granted and the sentence of the lower court is stayed pending determination of this appeal. Defendant is to be released on his own recognizance.

" 'It is further ordered that this appeal be, and the same is hereby consolidated with Court of Appeals No 8714 for purposes of appeal.' "

The defendants claim that the trial court erred in accepting their plea as it appeared from their statements that they denied possessing a material element of the crime of which they were charged. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). They assert that they did not have the *intent* to commit any felony in the building which they admitted breaking. They argue and admit now on appeal that they are guilty of the crime of breaking and entering under MCLA § 750.115 (Stat Ann 1954 Rev § 28.310), which is a misdemeanor and requires no specific intent.

Under the facts of this case, we consider that the trial court erred in accepting the plea of guilty to the felony when it appeared that defendants denied having the necessary intent.

Reversed and remanded.

All concurred.