PEOPLE v GREGORY HOWARD

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—BEFORE
SENTENCING.
    The trial judge's discretion should be exercised liberally when
    a motion to withdraw a guilty plea is made before sentenc-
    ing and is accompanied by an assertion of innocence.

2. CRIMINAL LAW—PLEA OF GUILTY.
    A plea of guilty must be given by the defendant; the defendant's
    attorney's entering a plea of guilty for the defendant is not
    sufficient (MCLA 768.35; GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, Elvin L.
Davenport, J. Submitted Division 1 December 13,
1971, at Detroit. (Docket No. 11942.) Decided Jan-
uary 26, 1972.

Gregory H. Howard was convicted, on his plea of
guilty, of assault with intent to rob being armed.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *John L. Quaine,*
Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 503-506.
[2] 21 Am Jur 2d, Criminal Law § 459.
    Plea of guilty as affected by objection that it was not made by
    defendant personally, 110 ALR 1300.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

PER CURIAM. Defendant pled guilty to a charge of assault with intent to rob being armed, MCLA 750-.89; MSA 28.284. Prior to sentencing the defendant moved to withdraw his plea. The trial court denied the motion and we reverse.

While a motion to withdraw a guilty plea is addressed to the trial court's discretion, that discretion should be exercised liberally when the motion is made before sentencing and is accompanied by an assertion of innocence. *People v Bencheck,* 360 Mich 430 (1960); *People v Henley,* 36 Mich App 672 (1971). In this case the defendant's motion was made before sentencing and he did assert his innocence.

In addition, the record shows that while the defendant was questioned in some detail on a number of things the defendant, himself, never pled guilty. The plea was entered by his attorney. Under GCR 1963, 785.3, and MCLA 768.35; MSA 28.1058, it is the defendant who must plead. See *People v Barrows,* 358 Mich 267 (1959); *People v Head,* 31 Mich App 491 (1971). The transcript of the arraignment and the plea also contain several statements by the defendant that could be construed as protestations of innocence. See *People v Merhige,* 212 Mich 601 (1920).

Reversed and remanded.