PEOPLE v BRATTON

1. CRIMINAL LAW—PLEA OF GUILTY—STANDARDS—RETROACTIVITY.

Plea of guilty proceedings are not to be reviewed against the standards enunciated in the United States Supreme Court decision of June 2, 1969, where the plea of guilty was accepted prior to that decision.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EXAMINATION.

The Court of Appeals will vacate the acceptance of a defendant's plea of guilty and remand for a determination of the factual basis for the acceptance of the plea where the record below shows that a factual basis was established only by reference to the preliminary examination.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 January 3, 1973, at Grand Rapids. (Docket No. 13739.) Decided March 28, 1973. Leave to appeal denied, 389 Mich 814.

Calvin Bratton was convicted, on his plea of guilty, of assault with intent to rape. Defendant appeals. Affirmed, and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Norton Rosin,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: HOLBROOK, P. J., and FITZGERALD and
VAN VALKENBURG,* JJ.

HOLBROOK, P. J. Defendant was charged on an
information filed November 1, 1966, with forcible
rape, sodomy, and gross indecency. He pled guilty
January 11, 1968, to a lesser charge of assault
with intent to rape. We have cause to discuss
essentially two issues on defendant's appeal here.

First, defendant requests us to retroactively ap-
ply the holding of *Boykin v Alabama,* 395 US 238;
89 S Ct 1709; 23 L Ed 2d 274 (1969), and set aside
his guilty plea. While it is apparent from the
record that defendant was not informed of his
privilege against compulsory self-incrimination or
of his right to confront his accusers, it should be
emphatically clear by now that pre-*Boykin* guilty
pleas are not to be reviewed against the standards
enunciated in *Boykin. People v Carlisle,* 387 Mich
269, 276 (1972); *People v Duffield,* 387 Mich 300
(1972), footnote 17; *People v Wickham,* 41 Mich
App 358 (1972); *Winegar v Dept of Corrections,* 41
Mich App 318 (1972).

Second, we are confronted with the question of
whether or not the trial court in accepting defend-
ant's guilty plea had first properly established the
factual basis of that plea in such a way as to
convince the court that the crime had in fact been
committed by defendant. GCR 1963, 785.3(2); *Peo-
ple v Taylor,* 387 Mich 209 (1972); *People v Seifert,*
17 Mich App 187 (1969). This issue was not briefed
by either defendant's appellate counsel or the
people because defendant was granted leave to
appeal April 25, 1972, on only the *Boykin* issue,

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

although defendant had raised this issue in a delayed motion for a new trial and in his application for leave to appeal. Leave was probably denied on the non-*Boykin* issue because of the presumed applicability of *People v Donald T Moore,* 21 Mich App 150 (1970). *Moore* held that the trial court's failure to require a defendant to establish the elements of the offense by his own testimony is not fatal to the acceptance of his plea of guilty if the complaining witness gave explicit testimony of defendant's actions at the preliminary examination and this testimony was noted at the plea taking and acknowledged to be true by the defendant. However, since *Taylor, supra, Moore* has not been good law. In *Taylor* the Michigan Supreme Court held, among other things, at 225, footnote 10:

"It is not sufficient that such facts appear on the record of the preliminary examination. See *People v Zaleski,* 375 Mich 71, 81 (1965), and *People v Rufus Williams,* 386 Mich 277, 284–285 (1971)."

This *Taylor* holding has been amply criticized in *People v Schneff,* 43 Mich App 413 (1972). However, as in *Schneff,* and *People v D'Argis,* 44 Mich App 186 (1972), we are bound to follow the rule enunciated by the Supreme Court in *Taylor.* Our review of the plea-taking record below shows that the factual basis of defendant's plea was established only by reference to the preliminary examination, and hence *Taylor* requires a vacating of the acceptance of defendant's guilty plea, and remand to determine a factual basis for acceptance of the guilty plea.

Affirmed, except as to remand.

All concurred.