PEOPLE v SNYDER

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—RIGHT TO TRIAL—PRIVILEGE AGAINST SELF-INCRIMINATION.

A trial judge did not sufficiently inform a defendant of his right to trial and privilege against self-incrimination where he failed to inform the defendant of these rights upon accepting the defendant's plea of guilty, and attempted to correct the oversight through examination of the defendant upon sentencing two weeks later.

2. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW.

Accepting a plea of guilty and then informing a defendant of his rights at a later date prevents the plea from being entered freely, understandingly and voluntarily as required by the due process clause of the Fourteenth Amendment (US Const, Am XIV).

DISSENT BY O'HARA, J.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—COURT RULES—ADVICE TO DEFENDANT.

*Court rules provided that a defendant be informed of his constitutional rights after he pleads guilty and before imposition of sentence, without any direction as to the order in which such advice is to be given; thus, where a judge substantially informed a defendant of his rights and ascertained that a plea of guilty was being made freely, understandingly and voluntarily, and later specifically informed the defendant of his constitutional rights prior to imposing sentence, the judge sufficiently complied with the court rule to overcome whatever initial infirmity there may have been in the plea-taking process (US Const, Am V; GCR 1963, 785.3[2]).*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Appeal from Ottawa, Wendell A. Miles, J. Submitted Division 3 February 5, 1974, at Grand Rapids. (Docket No. 17826.) Decided May 2, 1974.

John Snyder was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Calvin L. Bosman,* Prosecuting Attorney *(William P. Weiner,* Prosecuting Attorneys Appellate Service, of counsel), for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and ALLEN and O'HARA,* JJ.

R. B. BURNS, P. J. Defendant pled guilty to breaking and entering an occupied dwelling with the intent to commit larceny. MCLA 750.110; MSA 28.305.

At that hearing the trial judge did not inform the defendant of his privilege against self incrimination as required by *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

At sentencing, approximately two weeks later, the trial judge attempted to correct this oversight. The following colloquy took place:

*"The Court:* You understand now and you understood then when you entered a plea of guilty you were waiving your right to a trial?

*"The Defendant:* Yes.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

\* \* \*

*"The Court:* You knew that you had a right to remain silent, didn't you?

*"The Defendant:* Yes, sir."

The thrust of *Jaworski* is that the defendant should be informed of the rights he loses by pleading guilty in order that he may make an intelligent choice and understand the consequences of such a plea. Accepting the plea and then informing a defendant of his rights at a later date prevents the plea from being entered freely, understandingly and voluntarily as required by the due process clause of the Fourteenth Amendment.

Reversed and remanded for a new trial.

ALLEN, J., concurred.

O'HARA, J. *(dissenting).* I regret that I cannot agree with the opinion of my esteemed colleagues holding that the involved plea was fatally infirm because defendant was only informed of his privilege against self-incrimination at the time sentence was imposed.

This Court has often observed that substance and not form will control and that the guilty plea rule is satisfied in this regard if the trial court determines that defendant's plea was voluntarily made. *People v Poindexter,* 44 Mich App 325; 205 NW2d 235 (1973).

GCR 1963, 785.3(2), which was in effect on the date of the taking of defendant's guilty plea, provided:

*"Imposing Sentence.* If the accused pleads guilty, *after such plea and before sentence* the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine

the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted." (Emphasis supplied.)

There is no direction as to any particular order to be employed in informing the defendant of his rights. The rule speaks only of informing and examining the accused after he makes his plea, but prior to the imposition of any sentence. In the case at bar, the trial court examined the defendant, substantially informed him of his rights and ascertained whether the plea was freely, understandingly, and voluntarily made, before accepting the proffered plea. Whatever initial infirmity there may have been in the plea-taking process it was more than adequately cured by the trial judge specifically apprising defendant of his Fifth Amendment rights prior to imposing sentence. The record indicates defendant expressly stated he understood the nature of this advice from the trial judge. Had defendant indicated misgivings with respect to having "copped" a plea and then informed the lower court that he now wished to withdraw the plea in light of the subsequent advice from the trial judge, presumptively the trial judge would have liberally exercised his discretion in this regard. On appeal defendant should not now be heard to complain with respect to those rights of which he was sufficiently advised prior to imposition of sentence. I would hold that there was sufficient compliance with GCR 1963, 785.3(2) and thus affirm the conviction.