PEOPLE v CONVILLE

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—
   FACTUAL BASIS—PRELIMINARY EXAMINATION.

   The court cannot rely solely upon the record of the preliminary
   examination to establish the factual basis for acceptance of a
   guilty plea; however, the court may rely solely upon the record
   of the preliminary examination to establish the factual basis
   for a plea of nolo contendere (GCR 1963, 785.7[3]).

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—SUBSTANTIATION OF
   PLEA.

   A plea of nolo contendere cannot be substantiated through direct
   questioning of the defendant concerning his participation in the
   crime (GCR 1963, 785.7[3][b][d]).

3. CRIMINAL LAW—CONSTITUTIONAL LAW—SODOMY—STANDING TO
   CHALLENGE—HUSBAND AND WIFE—STATUTES.

   A defendant lacks standing to challenge the constitutionality of
   the sodomy statute on the grounds that the statute could be
   applied to acts engaged in by husband and wife in the privacy
   of their home where the defendant was not charged with
   committing acts of sodomy with his wife (MCLA 750.158).

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 2 June 11, 1974, at Detroit. (Docket No. 17685.) Decided August 27, 1974.

John P. Conville was convicted, on his plea of nolo contendere, of attempted sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 497, 501, 502.

[3] 70 Am Jur 2d, Sodomy §§ 9, 24.

Crimes against spouse within exception permitting testimony by one spouse against other in criminal prosecution. 11 ALR2d 646.

*Derengoski,* Solicitor General, and *Martin E. Clements,* Prosecuting Attorney, for the people.

*Connolly, Simen, Figura & Zimmer, P. C.,* for defendant.

Before: J. H. Gillis, P. J., and Allen and Elliott,* JJ.

J. H. Gillis, P. J. On May 29, 1973, defendant pled nolo contendere to the charge of attempted sodomy. MCLA 750.92; MSA 28.287, MCLA 750.158; MSA 28.355. He was sentenced to three to five years in prison and appeals.

At the plea-taking proceedings the trial court, with defendant's consent, read the preliminary examination transcript and relied solely upon that transcript to determine a factual basis for defendant's plea. Defendant argues that this use of the transcript is reversible error.

The trial judge must establish a factual basis for a guilty plea prior to acceptance of that plea. *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972). And, in establishing this factual basis, the court cannot rely solely upon the record of the preliminary examination. *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972); *People v Schneff,* 43 Mich App 413; 204 NW2d 244 (1972), 392 Mich 15; 219 NW2d 47 (1974); *People v Bratton,* 46 Mich App 1; 207 NW2d 437 (1973). The question we must answer is: Does this ban on the use of the preliminary examination transcript also apply to the acceptance of pleas of nolo contendere?

MCLA 767.37; MSA 28.977, provides in pertinent part:

"At the arraignment of any person upon an indict-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment or upon the charge in a warrant, complaint or information the court may accept a plea of nolo contendere and if such a plea is accepted, the court shall proceed as if he had pleaded guilty."

This Court held in *People v Curry,* 48 Mich App 545, 550; 210 NW2d 791, 794 (1973), that,

"While *Carlisle* coupled with MCLA 767.37; MSA 28.977, would seem to require that the trial judge interrogate the defendant to establish the factual basis of the defendant's plea of nolo contendere, recently enacted GCR 1963, 785.7(3), effective June 1, 1973, reflects the Supreme Court's position that a plea of nolo contendere and plea of guilty are not to be treated exactly the same."

Under GCR 1963, 785.7(3) pleas of nolo contendere and pleas of guilty are treated differently with respect to the procedures to be followed by the court in establishing a factual basis for these pleas. GCR 1963, 785.7(3)(b) provides:

"The court shall not accept a plea of guilty until it is satisfied that a crime was committed and, through personal interrogation of the defendant, that defendant participated therein."

But GCR 1963, 785.7(3)(d) says:

"Where a plea of nolo contendere is made the court shall not interrogate the defendant regarding his or her participation in the crime. However, the court may not accept a plea of nolo contendere unless there has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere and unless the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime."

Thus, unlike pleas of guilty, nolo pleas cannot be substantiated through direct questioning of the defendant concerning his participation in the crime.[1] But, according to GCR 1963, 785.7(3)(d), if *"there has been * * * a hearing establishing substantial support for a finding that the defendant is in fact guilty"* the judge may utilize the record of that hearing to establish a factual basis for the plea. The inescapable conclusion, therefore, is that the new court rule authorizes the plea-taking judge to rely upon the preliminary examination transcript to establish a factual basis for a nolo contendere plea.

Since the plea in this case was taken three days before the effective date of GCR 1963, 785.7(3), we are not bound to apply it here. However, we think we can properly look to this new rule for guidance because (1) there is no pre-GCR 1963, 785.7(3) authority concerning the use of preliminary examination records to establish a factual basis for nolo pleas and (2) while the rule was not effective until June 1, 1973, it was adopted March 16, 1973—before the plea in question here.

We hold, therefore, that it was not error for the trial judge to rely solely upon the preliminary examination transcript to establish the factual basis for defendant's nolo plea.

Defendant also argues that the sodomy statute, MCLA 750.158; MSA 28.355, is unconstitutional because it could be applied to acts engaged in by husband and wife in the privacy of their home. Since defendant was not charged with committing

---

[1] We do not think that this differentiated treatment of these pleas is contrary to the dictates of MCLA 767.37; MSA 28.977. The statute provides that *after* a plea of nolo contendere is accepted, the court shall proceed as if the person had pled guilty. GCR 1963, 785.7(3) sets forth procedures to be followed by the court *before* these pleas are accepted.

acts of sodomy with his wife, he lacks standing to challenge the statute's constitutionality. *Lovisi v Slayton,* 363 F Supp 620 (ED Va 1973).

Defendant's conviction is affirmed.

All concurred.