PEOPLE v KING

CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—COURT RULE
    —STRICT COMPLIANCE.

Strict compliance with a court rule governing the procedure to be
followed in accepting a plea of guilty is mandatory and failure
by a trial court to comply therewith constitutes reversible error
(GCR 1963, 785.7).

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted Division 1 October 9,
1974, at Detroit. (Docket No. 18930.) Decided January 8, 1975. Leave to appeal applied for.

Regina King was convicted, on her plea of
guilty, of carrying a concealed weapon. Defendant
appeals. Judgment vacated and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Arthur N. Bishop,* Assistant Prosecuting Attorney,
for the people.

*Hoffa, Chodak & Robiner,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and
O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 487, 492–495.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. The defendant pled guilty to a charge of carrying a concealed weapon, MCLA 750.227; MSA 28.424. She appeals of right from this conviction.

Whatever our feelings may be as to substantial compliance with regard to advising an accused of her constitutional rights, the fact remains that the Supreme Court, effective June 1, 1973, included the following in GCR 1963, 785:

".7 Plea of Guilty and Plea of Nolo Contendere. A defendant may enter a plea of guilty or plead nolo contendere only with the consent of the court. If the defendant states his intent to plead guilty or to plead nolo contendere the following practice shall be observed:

"(1) Advice by the Court. The court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:

\* \* \*

"(d) that by his plea of guilty or nolo contendere the defendant waives the following rights:

"(i) the right to a jury trial or *trial by the court.*

\* \* \*

"(5) *The procedure and practice under subrule 785.7 is mandatory and failure to comply therewith constitutes reversible error."* (Emphasis supplied.)

Despite the fact that the able and experienced trial judge spent nine transcript pages explaining all of the accused's traditional constitutional protections to her, and despite the fact that she signed a waiver of a jury trial, the judge did not at any time say in the words of the rule "you have the right to a trial by the court."

When the Supreme Court says the procedure and practice under this rule is mandatory and failure to comply therewith constitutes reversible

error, we are powerless to substitute our judgment that the defendant was fully and fairly advised of all of her specified rights.

Perforce, we vacate the judgment of conviction and remand to the trial court for such disposition as may there ensue.

Even the most experienced airline pilots run through a checklist before each takeoff. Mayhaps our trial bench must resort to a checklist also.

Reversed and remanded.

All concurred.