PEOPLE v SPANN

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—SETTING ASIDE PLEA
   —DISCRETION.

Refusal to set aside a plea of nolo contendere in an assault case
because the defendant, subsequent to the acceptance of his plea
and immediately prior to sentencing, claimed for the first time
he did not intend to assault the complainant and was only
acting in self-defense was proper where self-defense was totally
inconsistent with the transcript, it appears defendant was
attempting more to mitigate the severity of an impending
sentence than to express a true dissatisfaction with the plea,
and the refusal was within the rules governing challenges to
nolo contendere pleas laid down by case precedent.

2. CRIMINAL LAW—PLEA-TAKING PROCEEDINGS—CORRECTING DEFI-
   CIENCIES IN PLEA.

A second plea-taking proceeding may operate to correct the
deficiencies of a first proceeding, in the absence of formal action
setting aside the initial plea, where the second proceeding was
not confined to correction of a prior oversight but was an
entirely new proceeding during which defendant was advised of
his rights and his plea accepted.

3. CRIMINAL LAW—COURTS—PLEA OF NOLO CONTENDERE—INTERROGA-
   TION—DEFENDANT'S INTEREST—PUBLIC INTEREST.

A court may never interrogate a defendant who offers a nolo
contendere plea and the court may never accept a plea of nolo
contendere unless, without interrogating the defendant, it de-
termines that both the defendant's interest and the public
interest will remain protected (GCR 1963, 785.7[3][d]).

4. CRIMINAL LAW—COURTS—PLEA OF NOLO CONTENDERE—ACCEPTING
   NOLO CONTENDERE PLEA—FAILURE TO GIVE REASONS—ADMINIS-
   TRATION OF JUSTICE—INTERROGATION—ERROR DETRIMENTAL TO
   PEOPLE—NUNC PRO TUNC CORRECTION.

A court's failure to state, in accepting a plea of nolo contendere,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4, 6, 7] 21 Am Jur 2d, Criminal Law §§ 497–502.
[2] 21 Am Jur 2d, Criminal Law § 460.
[5] 21 Am Jur 2d, Criminal Law § 464.

its reasons for believing that the proper administration of justice did not require interrogation of the defendant regarding his participation in the crime is not reversible error where the failure inures to the detriment of the people and does not prejudice the defendant; the court's failure to state its reasons is error of the type which may be corrected *nunc pro tunc* at a subsequent proceeding (GCR 1963, 785.7[3] [d]).

5. CRIMINAL LAW—COURTS—COURT RULES—PLEA-TAKING ERRORS—CONSTITUTIONAL RIGHTS—STATUTORY RIGHTS—PUBLIC POLICY MATTERS—POST HOC CORRECTIONS.

Errors in the plea-taking process concerning the failure of the trial court to inform the defendant of all the constitutional and statutory rights waived by the plea cannot be corrected at a subsequent proceeding; errors in the plea-taking process relating to matters of public policy, such as the desire to guard against involuntary or falsely induced pleas of guilty and subsequent false claims of innocence, or the desire to avoid repetitive hearings and appeals, are error that may be subject, in appropriate cases, to correction *post hoc* (GCR 1963, 785.7).

6. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—PLEA OF GUILTY—APPELLATE REVIEW.

Nolo contendere pleas are treated differently than guilty pleas for appellate purposes.

CONCURRENCE BY O'HARA, J.

7. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—INTERROGATION OF DEFENDANT—NUNC PRO TUNC CORRECTION—COURT RULES.

*Remanding a case for* nunc pro tunc *correction is a permissible procedure under case precedent where the trial court, in accepting a plea of nolo contendere, failed to state its reasons for believing that the interests of the defendant and the proper administration of justice did not require interrogation of the defendant regarding his participation in the crime (GCR 1963, 785.7[3][d]).*

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 January 15, 1975, at Grand Rapids. (Docket No. 19947.) Decided March 25, 1975.

Eugene A. Spann was convicted, on his plea of nolo contendere, of assault with intent to do great bodily harm less than murder. Defendant appeals. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David F. Folkert,* Prosecuting Attorney, for the people.

*Balgooyen, Daniels & Balgooyen, P. C.,* for defendant on appeal.

Before: ALLEN, P. J., and N. J. KAUFMAN and O'HARA,* JJ.

ALLEN, P. J. Defendant appeals as of right from a nolo contendere plea-based conviction of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279. He was sentenced to prison for a term of five to ten years. Atypically, the plea was taken in two sessions before different trial judges. It is the validity of the plea-taking which is challenged on this appeal.

On September 9, 1973, defendant and his cousin, Willie Harris, proceeded to Charles Hackett's apartment in Muskegon, Michigan. Their purpose was to collect a debt which Hackett allegedly owed defendant. Entering the apartment, Harris produced a gun, announcing he had come to blow Hackett's brains out. An argument then ensued between defendant and Hackett as to whether the debt was $50 or $25, followed by a scuffle between defendant and Hackett over the gun. In the scuffle, Hackett fell onto a nearby couch at which time defendant, now in possession of Harris' gun, shot

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Hackett once in the arm and twice in the back. Defendant was charged with assault with intent to commit murder. MCLA 750.83; MSA 28.278. Preliminary examination was held, defendant being represented by counsel, and defendant was bound over for arraignment.

On February 5, 1974, defendant appeared with counsel and pled nolo contendere to the lesser charge of assault with intent to do great bodily harm less than murder which, pursuant to a negotiated plea agreement, was added as count two of the information. Count one was dismissed. Both parties to this appeal agree that the February 5 proceedings were defective by reason of only minimal compliance with GCR 1963, 785. Recognizing the shortcomings of the February 5 proceedings, the parties returned to court March 15, to "reinstate" and "reinstitute" defendant's plea. Proceedings commenced anew. The preliminary examination transcript was again introduced in evidence to supply the factual basis for the plea. Defendant was advised at length of his constitutional rights, and his plea of nolo contendere was again made and accepted. Count one was dismissed.

Defendant assigns five errors in the plea-taking proceedings. Two of the alleged errors are rejected by us as noted below.[1] The remaining issues are discussed as follows.

---

[1] (1) Error is claimed in the trial court's reliance upon defendant's preliminary examination to establish the factual basis of the nolo contendere plea. *People v Conville,* 55 Mich App 251, 254; 222 NW2d 312 (1974), decided subsequent to submission of defendant's brief, holds a trial judge may "rely solely upon the preliminary examination transcript to establish the factual basis" for a nolo plea.

(2) Error is claimed in that defendant was not fully advised of his rights at the March 15 hearing. However, defendant's brief is directed at deficiencies in the February 5 hearing and does not discuss omissions in the trial court's explanation of rights waived at the March 15 hearing. Further discussion of this point occurs in our opinion on issue II.

## I.

Subsequent to the acceptance of his nolo plea at the March 15 proceedings, and immediately prior to sentencing at those same proceedings, defendant, for the first time, claimed he did not intend to shoot complainant and was only acting in self-defense when complainant grabbed his wrist over the gun. Citing *People v Howard,* 38 Mich App 217; 195 NW2d 925 (1972), and *People v Primeau,* 24 Mich App 235; 180 NW2d 51 (1970), counsel contends that where protestations of innocence accompany the plea, the plea may not be accepted. We find the cases cited inapplicable. *Howard, supra,* involved a motion to withdraw a plea. In the instant case, no motion to withdraw was made. In *Primeau, supra,* the lack of specific intent to a plea of breaking and entering with intent to commit larceny appeared when the court took the plea and not after acceptance of the plea and prior to sentencing. The present case is analogous to *People v Davis,* 372 Mich 402; 126 NW2d 725 (1964), and *People v Lewandowski,* 58 Mich App 18; 226 NW2d 843 (1975), where dissatisfaction with the plea was first expressed after acceptance of the plea and during sentence proceedings. *Lewandowski, supra,* is particularly apposite. It sets forth rules governing challenges to nolo contendere pleas and the discretion given a trial court to set aside such a plea. Within the principles laid down in *Lewandowski* and *Davis,* we find no error. Self-defense is totally inconsistent with the transcript. In our opinion the brief colloquy with the trial judge prior to sentencing appears more as an effort to mitigate the severity of an impending sentence than a true dissatisfaction with the plea.

## II.

Defendant does not directly challenge the ade-

quacy of the trial court's advice to defendant at the March 15 hearing. Instead, defendant zeroes in on the multiple deficiencies—all admitted by plaintiff—in the earlier proceedings. Citing *People v Snyder,* 53 Mich App 249; 218 NW2d 770 (1974), defendant then argues a second proceeding may not be used to rectify error in the earlier proceeding. Defendant expands on this argument, claiming the March 15 hearing may not operate to correct the deficiencies of the first hearing in the absence of formal action setting aside the initial plea. *Snyder, supra,* might be applicable had the trial court accepted the February 5 plea as final and relied upon the March 15 proceeding merely to correct an oversight at the former hearing. The second hearing was not confined to correction of a prior oversight, but rather was an entirely new proceeding during which defendant was advised of his rights and his plea was accepted. By its use of the words "rearraignment", "reinstitute" and "reinstate", the trial judge manifested his intent to treat the procedure as though defendant had never pled before. This makes *Snyder, supra,* obviously distinguishable. To conclude that the second hearing remains invalid no matter how perfectly it was held, merely because a sheet of paper was not filed formally setting aside the earlier hearing, is to elevate form over substance. Except for the difficulty discussed in issue III, defendant has not raised objections to the trial court's compliance with GCR 1963, 785. Accordingly, we find no error in issue II.

## III.

Defendant charges as error failure of the trial

court at the March 15 hearing to fully comply with GCR 1963, 785.7(3)(d). This section reads:

"Where a plea of nolo contendere is made *the court shall not interrogate the defendant regarding his or her participation in the crime.* However, the court may not accept a plea of nolo contendere unless there has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere and *unless the judge first states* reasons for believing that the interests of the defendant and the proper administration of justice *do not require interrogation of the defendant regarding his participation in the crime."* (Emphasis supplied.)

Since the trial court never did state, much less "first [state]", its reasons for not interrogating defendant, reversible error is charged. The rule as worded is admittedly confusing and this may explain why the court never took the action required under the rule. There appears to be a patent inconsistency in the rule whose first sentence and last phrase at first blush appear contradictory. Perhaps the trial judge deliberately omitted stating his reasons for not interrogating defendant because he believed the first sentence of the rule prohibited him from so doing. Perhaps the court felt the preliminary examination which, under *People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974), was properly admitted into evidence to supply the factual basis of the plea, was so clear and decisive, interrogation of defendant was not necessary. But whatever the reasons, it is clear the trial court did not comply with the rule. The question, therefore, is whether this automatically requires reversal, or whether the error may be corrected in some other manner. The issue posed is

one of first impression—the first blush contradic-
tions of subsection 7(3)(d) never having been called
to this Court's attention.

Before answering this question it will be helpful
to discuss the intent of the rule and hopefully
resolve its contradictions. The rule is designed to
protect the public by assuring that nolo conten-
dere pleas will not be used to thwart ongoing
criminal or civil litigation investigations. This
could easily happen where, for example, high gov-
ernment officials charged with serious crimes
against the public trust were automatically al-
lowed to plead nolo contendere. If they did so
without ever telling investigators who else partici-
pated in the offense, the full truth might never be
uncovered. Another example would be charges
brought against professional criminals. If they
could plead nolo contendere without qualification,
especially to a lesser included offense, their mas-
ters, the leaders of organized crime, might escape
undetected and unpunished. On the other hand if,
in the examples given above, the person charged
had revealed everything he knew to investigators,
the proper administration of justice would not be
hampered by not interrogating the person offering
the plea. A recent example is the case of a former
high Federal official whose plea of nolo contendere
was properly accepted because public investigators
had already gained full information of the offense
from the other "kick-back" participants. Neither
will the administration of justice be prejudiced in
the ordinary run-of-the-mill criminal offense
where, as in the instant case, full knowledge of all
participants' and defendant's actions is contained
in the preliminary examination or can be testified
to by police officials. The rule is also designed to
protect the pleading defendant. The fact that a

plea bargain is made itself shows the defendant is advantaged and is usually sufficient reason for not interrogating. Sometimes there are additional reasons, as for example, a charge of indecent liberties with a minor, where to require defendant to recite the details of the offense on the record would not only be demeaning but could interfere with rehabilitative efforts. This background explanation helps to dispel the first impression inconsistency of the rule. In effect, the rule in its awkward, backward way says (1) the court shall never interrogate the defendant in a nolo contendere plea, (2) the court shall never accept a plea of nolo contendere unless, without interrogating the defendant, it determines that both the defendant's interest and the public interest will remain protected. The inconsistency is cured if the rule is read as separated into two parts, with words added (already there by implication) as indicated in the footnote below.[2] For the purpose of clarity, the added words are italicized.

With this first impression explanation of the rule, we now return to the main question. Obviously, the trial judge did not state the reasons as called for by the rule and obviously the omission is error. GCR 1963, 785.7(5). But is it necessarily reversible error? The failure to state the finding as to the proper administration of justice is the type of error which inures to the detriment of the

---

[2] (d) Where a plea of nolo contendere is made, the court shall not interrogate the defendant regarding his or her participation in the crime. However, the court may not accept a plea of nolo contendere:

(i) unless there has been, or the judge thereupon *without interrogating the defendant,* conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere, and

(ii) unless, *prior to the acceptance of such plea,* the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime.

people. In no way does it prejudice the pleading accused. Being an error against the people and not the defendant, it is one of which only the people may complain.

"If there is any miscarriage of justice, under these circumstances it can only be one in which the people of the State of Michigan have exacted an insufficient penalty. Putting it another way, if there has been, under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the benefit of the defendants and to the detriment of the people. Of such a miscarriage of justice, only the people can complain." *People v Collins,* 380 Mich 131, 135; 156 NW2d 566 (1968).

See also *People v Wimbush,* 45 Mich App 42, 50; 205 NW2d 890 (1973); *People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975).

The trial judge also omitted his reasons for believing the interest of the defendant did not require interrogation of the defendant. But in what way does this prejudice the defendant? Without the plea he would have remained charged with the greater offense. The failure of the trial court to state this obvious fact in no way prejudices defendant. And, if the omission is prejudice, it is of the type which, both before and after *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), may be corrected *nunc pro tunc.* Errors in the plea-taking process are of two types. One concerns the failure of the trial court to inform the defendant of *all* the constitutional and statutory rights waived by the plea. In such instances, the plea-taking judge accepts a plea which is not understandingly, knowingly and voluntarily made, and thus not in conformity with due process. See *Smith v O'Grady,* 312 US 329; 61 S Ct 572; 85 L Ed 859 (1941). *Shekoski* was a case of this type (failure to inform

defendant of his right to a bench trial) and holds that such error cannot be corrected at a subsequent proceeding.

The second category includes errors relating to matters of public policy, such as the desire to guard against involuntary or falsely induced pleas of guilty (as well as subsequent false claims of innocence), by requiring that a factual basis for the plea be established on the record at the plea-taking proceedings; see *People v Carlisle,* 387 Mich 269, 274; 195 NW2d 851 (1972), or such as the avoidance of repetitive hearings and appeals by requiring that all plea bargains be set forth in the record and affirmatively acknowledged by defendant, defense counsel, and the prosecutor; see *Giglio v United States,* 405 US 150; 92 S Ct 763; 31 L Ed 2d 104 (1972). Errors in this category may be subject, in appropriate cases, to correction *post hoc.* Examples are: the failure to establish on the record a sufficient factual basis for the plea, *People v Bratton,* 46 Mich App 1, 3; 207 NW2d 437 (1973); the failure of the prosecutor to be present in court, *People v Leonard,* 51 Mich App 368; 214 NW2d 888 (1974); the plea bargain not affirmatively acknowledged by the prosecutor, *People v Otha Lee Edwards,* 58 Mich App 196; 227 NW2d 290 (1975); the inadequacy of the factual basis for a nolo contendere plea, *People v Dailey,* 392 Mich 757 (1974). In each instance, the remedy ordered was not reversal and a new trial, but remand to the lower court for *nunc pro tunc* correction. Significantly, *Edwards* was decided after *Shekoski,* and *Dailey,* a nolo contendere case, though pre-*Shekoski,* was an order of the Supreme Court. We do not believe that the Supreme Court itself would hold that the iron mandates of *Shekoski,* a guilty plea case, govern appellate action on a nolo plea. Nolo contendere pleas are treated differently than

guilty pleas for appellate purposes. *People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974). *See also People v Curry,* 48 Mich App 545, 550; 210 NW2d 791 (1973), where, after finding a technical defect in a nolo contendere plea, this Court did not order a new trial but remanded for a *nunc pro tunc* hearing.

For the above reasons and specifically because the highest court of this state has ruled that an inadequate factual basis for a nolo contendere plea may be corrected by remanding to give the trial court an opportunity to perfect the record by establishing the required support for guilt, we conclude that the case now before us should be remanded to the trial court for a statement of its reasons (if any exist) for believing that the defendant's interests and the proper administration of justice do not require defendant's interrogation regarding his participation in the crime.

Remanded to the trial court in accordance with this opinion. Upon return to this Court with reasons stated, defendant's conviction is affirmed. If reasons may not be stated, or do not exist, defendant's conviction is reversed and remanded for a new trial. This court retains jurisdiction.

N. J. KAUFMAN, J., concurs in the result.

O'HARA, J. *(concurring in result).* I concur in the result reached by Judge ALLEN largely because, in all honesty, I cannot, in my own mind, satisfactorily reconcile the seeming command of GCR 1963, 785.7, as interpreted by *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), and the disposition which the Supreme Court has made in the case of *People v Dailey,* 392 Mich 757 (1974).

I cannot possibly reconcile a court rule which by

*Shekoski* tells us there is no such thing as "substantial compliance", and that GCR 1963, 785.7 must be followed literally, with the procedure adopted by the Court in *Dailey, supra,* wherein it remanded for a hearing to establish the factual basis for a plea of nolo contendere.

I have sought faithfully to comply with the directions of this state's highest court with respect to cases arising under GCR 1963, 785.7 and have with recorded reluctance written to set aside pleas which the court rule and *Shekoski* apparently mandated. See *People v King,* 57 Mich App 514; 226 NW2d 544 (1975).

In finality, I concur with the remand espoused in my colleague's opinion as reflecting a permissible procedure under the authority of *Dailey.*