PEOPLE v GONZALES

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—MAJOR CRIMES.

The use of a plea of nolo contendere should be discouraged where the charged crime is one of major violence and where a long prison term is contemplated; extended incarceration where there is neither an admission of guilt by plea nor a finding of guilt after trial is inconsistent with traditional concepts of criminal law.

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—PERSONAL INTERROGATION BY JUDGE—COURT RULES.

A criminal case should be remanded for supplementation of the record where the trial judge, when accepting a plea of nolo contendere, failed to state on the record his reasons for believing that the interests of the defendant and the proper administration of justice did not require personal interrogation of the defendant regarding his participation in the crime; the plea must be vacated if the trial judge is unable to state a valid reason for not personally interrogating the defendant (GCR 1963, 785.7).

3. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—FACTUAL BASIS—PRELIMINARY EXAMINATION.

A trial judge may rely upon the record of a defendant's preliminary examination to establish a factual basis for the defendant's plea of nolo contendere.

Appeal from Sagninaw, Fred J. Borchard, J. Submitted May 4, 1976, at Lansing. (Docket No. 26802.) Decided July 21, 1976.

Rogelio Gonzales was convicted, on his plea of nolo contendere, of one count of manslaughter and three counts of assault with intent to do great

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 498.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 497–501.

bodily harm less than murder. Defendant appeals.
Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Patrick M. Meter,* Assistant Prosecuting Attorney, for the people.

*Robert L. Loucks,* for defendant on appeal.

Before: QUINN, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

BEASLEY, J. This is another case where after a plea of nolo contendere the defendant is sentenced to prison and, disliking the sentence, appeals.

In this case defendant shot four people which gave rise to a four-count information, one of murder in the first degree, and three counts of assault with intent to murder. After arraignment, the prosecutor amended the information to add four counts, numbers five through eight, one of manslaughter and three of assault with intent to do great bodily harm less than murder. To these latter four counts, namely, one of manslaughter and three of assault with intent to do great bodily harm less than murder, defendant pled nolo contendere.

At the time the plea was taken the court rules dealing with nolo contendere provided in part as follows:

"[GCR 1963, 785.7] Plea of Guilty and Plea of Nolo Contendere. A defendant may enter a plea of guilty or plead nolo contendere only with the consent of the court. If the defendant states his intent to plead guilty or to plead nolo contendere the following practice shall be observed:

"(1) Advice by the Court. The court shall not accept a

plea of * * * nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:

"(a) the general nature of the charge to which the plea is offered; the court is not obliged to, but may explain the elements of the offense or any defenses possible;

"(b) the maximum sentence and the mandatory minimum sentence, if any, for the offense to which the plea is offered;

"(c) that, if the defendant is on probation or parole, the entry of his plea in the present action admits violation of probation or parole, and may subject him to a sentence of imprisonment for the offense under which he was paroled or placed on probation;

"(d) that by his plea of * * * nolo contendere the defendant waives the following rights:

"(i) the right to a jury trial or trial by the court,

"(ii) the right to be presumed innocent until proven guilty beyond a reasonable doubt,

"(iii) the right to confront and to question the witnesses against him and to have compulsory process for obtaining witnesses in his favor,

"(iv) the right to remain silent or to testify at his trial, as he may choose, and that at a trial no inferences adverse to him may be properly drawn if defendant chooses not to testify.

"(2) Insuring the Plea is Voluntary. The Court shall not accept a plea of * * * nolo contendere without personally addressing the defendant and determining that the plea is freely, understandingly and voluntarily made. If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor.

"(3) Determining Factual Basis for Plea.

"(a) The court shall not accept a plea of * * * nolo contendere until it is satisfied that a crime was committed.

* * *

"(d) Where a plea of nolo contendere is made the court shall not interrogate the defendant regarding his or her participation in the crime. However, the court may not accept a plea of nolo contendere unless there. has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere and unless the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime.

"(4) The court may take the proffered plea under advisement. However, until the court accepts the plea on the record, the defendant may withdraw it as a matter of right without assigning cause. After the court accepts the plea the court may on motion of the defendant set aside his plea of * * * nolo contendere; or the court may sua sponte with the consent of the defendant, set aside his plea."

As late as 1966 this Court held that there was no such plea as nolo contendere in Michigan. Thus, there is neither history nor a tradition of nolo contendere under Michigan jurisprudence, *People v Franchi,* 3 Mich App 511; 142 NW2d 881 (1966).

However, in 1969 by statute and in 1973 by court rule, Michigan has adopted the plea of nolo contendere. Perhaps, in some situations the cause of justice has been served by the adoption and use of the nolo contendere rule.[1] But many believe that the problems and confusion caused by the nolo contendere plea far exceed and outweigh any benefits. The plea of nolo contendere has been defined to mean literally "I do not wish to contend". It has been said that the plea of *nolo contendere is the renaissance of a plea already*

---

[1] For example: in negligent homicide cases where civil litigation pends, the use of nolo contendere may be justified.

half forgotten and apparently on the way to complete oblivion. (152 ALR 253, p 254) Certainly, the inconsistencies and the vagaries of the court rule as drafted are great.[2]

In any event, the plea of nolo contendere was never intended to be used in crimes of major violence where sentences may involve substantial prison terms. In the United States, the genesis of the nolo contendere plea appears to have been in the Federal courts which, of course, are simply inexperienced in this kind of violent crime.[3] Nolo contendere is said to be a plea, entirely a matter of grace, and to have originated in England although there has not been any case of nolo contendere in England since *1702.* See 51 Yale Law Journal 1255, 1256 (1942).

Unless appropriate amendments to the nolo contendere court rules are made the trial bench would be well advised to discourage use of nolo contendere in crimes of major violence where long prison terms are contemplated. Extended incarceration where there is neither an admission of guilt by plea nor a finding of guilt after trial is inconsistent with traditional concepts of criminal law.

In the within case, the trial judge conducted the usual litany with respect to plea taking, but neglected to state on the record his reasons for believing that the interests of the defendant and the proper administration of justice did not require personal interrogation of the defendant by the judge regarding participation in the crime. Under the *Guilty Plea Cases,* 395 Mich 96, 132–135; 235 NW2d 132 (1975), the Supreme Court stated a preference for interrogation of the defend-

---

[2] See the manful effort to reconcile these inconsistencies in *People v Spann,* 60 Mich App 48, 54–55; 230 NW2d 302 (1975).

[3] Two popular areas for use of nolo contendere in the Federal system are the anti-trust prosecutions and income tax violations.

ant by the judge. Therefore, where the record does not contain a statement of such reasons for not personally interrogating the defendant, the case must be remanded to the trial court for supplementation of the record to indicate such reasons. If the judge is unable to state a valid reason for not personally interrogating the defendant, then the plea must be vacated and the case set for trial.

On appeal defendant also claims that the transcript of the preliminary examination can never be used as a basis for a finding that the defendant is, in fact, guilty of the charged offense. In this case the record with respect to taking of the plea indicates as follows:

"*Mr. Brisbois (defendant's trial counsel):* Further stipulate in lieu of proofs the Court may examine the transcript of the preliminary examination in this matter."

\* \* \*

"*The Court:* At this time, the record will reflect that the Court has read the preliminary examination and at this time would accept the plea of nolle contendre *[sic]* as to Counts V, VI, VII and VIII."

The foregoing procedure finds support in the cases. See *People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974), *People v Spann,* 60 Mich App 48; 230 NW2d 302 (1975).

Remanded.