PEOPLE *v.* WARD.

1. CRIMINAL LAW—TRIAL—INFORMAL TRIAL.
   In trial of person accused of felony, it is highly improper that case be tried in informal manner and that court resolve itself into one of conciliation, although in civil case, where parties consent, such procedure would be unobjectionable.

2. SAME—TRIAL WITHOUT JURY—PRESUMPTION OF INNOCENCE.
   Irrespective of whether criminal case is tried with or without jury, accused is entitled to presumption of innocence until it is overcome by evidence that satisfies court beyond reasonable doubt of his guilt.

As to presumption of innocence as evidence, see annotations in 34 A. L. R. 945 *et seq.;* 47 A. L. R. 968.

3. SAME—EMBEZZLEMENT—GREAT WEIGHT OF EVIDENCE.

Where, in prosecution for embezzlement tried without jury, trial court, by remarks, indicated that presumption of guilt instead of presumption of innocence was being indulged, conviction is set aside as against great weight of evidence.

Error to Recorder's Court of Detroit; Jeffries (Edward J.), J. Submitted October 15, 1931. (Docket No. 205, Calendar No. 35,187.) Decided December 8, 1931.

Clarence R. Ward was convicted of embezzlement. Reversed, and new trial granted.

*Charles H. Culver,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

BUTZEL, C. J. Clarence R. Ward was convicted of embezzlement. The case was tried without a jury. He had been manager of the Londke Motor Sales, a copartnership consisting of Anna, Fred, Phil, and John Londke. He was charged with embezzling the sum of $171.15, paid to him by customers. Upon the discontinuance of a bookkeeping system on account of lack of business, according to the claim of prosecution, duplicate statements of each transaction were made out, one being given to the customer and the other retained by the firm. A number of payments, aggregating approximately $100, were shown to have been made to defendant, and, it is claimed, were converted by him to his own use. He denies misappropriating the moneys, and claims that he placed all money received in a cash drawer; that he later deposited all cash on hand in the bank; that the statements given to customers only showed the amount of the charges; that some of the partners also col-

lected and kept moneys for work done; that he gave Mrs. Londke money but received no receipt from her.

The case was tried in a very informal manner, While in a civil case where, with the consent of the parties, the court has resolved itself into one of conciliation, such a procedure would be unobjectionable, it is highly improper in the trial of a person accused of a felony. It is claimed that various errors arose on this account. We need not discuss them, for even if they constitute reversible error, they will not arise on a retrial.

One claim of error, however, we cannot overlook. A reading of the record leads us to the conclusion that it is extremely doubtful whether there was sufficient evidence to prove the *corpus delicti* or defendant's guilt beyond a reasonable doubt. In coming to this conclusion, we are not unmindful of the fact that the trial judge had the advantage of seeing the witnesses, but, on the other hand, a presumption of guilt instead of innocence seems to have attended the defendant during the trial of the case. Irrespective of whether the cause is tried with or without a jury, he is entitled to the presumption of innocence until it is overcome by evidence that satisfies the court beyond a reasonable doubt of his guilt. The court in no unequivocal terms indicated that the circumstances under which defendant worked were such that an ordinary man could not have resisted the temptation to steal. This would raise a presumption of guilt, and not of innocence, that defendant was called upon to overcome. Upon weighing the evidence and taking into consideration the remarks of the trial judge, we are constrained to set aside the judgment and order a new trial.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.