PEOPLE v LEONARD

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCES—MISDEMEANOR SENTENCES.

A statutory requirement that a trial court shall set a minimum and maximum sentence is not applicable to misdemeanor sentences to a county jail of one year or less (MCLA 769.8).

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—ACKNOWLEDGMENT.

An agreement between a prosecutor and a defendant or his lawyer regarding the entry of a plea of guilty that results in a guilty plea being tendered shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor; and where the record shows that the defendant acknowledged such an agreement between the parties but does not show such an acknowledgment by the prosecutor and defense counsel, remand is made to the trial court to ascertain from the prosecutor and defense counsel whether or not the plea, as entered, correctly reflects the negotiated agreement between the parties (GCR 1963, 785.7[2]).

DISSENT BY J. H. GILLIS, P. J.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—COURT RULES.

*The failure of the prosecutor and defendant or his counsel to make an affirmative statement on the record acknowledging the agreement regarding entry of a plea of guilty is only a technical violation of GCR 1963, 785.7(2), and does not require a remand in a case where all parties agree that all conditions of the plea bargain have been fulfilled.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement, or plea entered pursuant thereto, with prosecuting attorney involving immunity form prosecution for other crimes, 43 ALR3d 281.

Appeal from Oakland, Richard D. Kuhn, J. Submitted Division 2 December 12, 1973, at Lansing. (Docket No. 17908.) Decided January 17, 1974. Leave to appeal denied, 391 Mich 827.

David M. Leonard was convicted, on his plea of guilty, of attempted resisting arrest. Defendant appeals. Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Sheldon G. Larky,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and R. H. CAMPBELL,* JJ.

R. B. BURNS, J. Defendant was arrested and charged with assaulting a police officer in the discharge of his duty. MCLA 750.479; MSA 28.747. He pleaded guilty to the added second count of attempted resisting arrest.

Defendant was sentenced to one year in the Oakland County Jail, less 87 days credit for time served awaiting sentence.

Defendant claims the trial court erred by not setting a minimum and maximum sentence in accordance with MCLA 769.8; MSA 28.1080.

The statute which the defendant was originally charged with violating provided a maximum sentence of two years imprisonment.

MCLA 750.92; MSA 28.287 sets forth the penalties for persons convicted of attempting to commit crimes, when no express provision is made by law for such punishment. The statute provides that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

imprisonment cannot exceed 1/2 of the time that could be imposed for the completed act.

Therefore, defendant's maximum confinement would be for one year.

MCLA 769.28; MSA 28.1097(1), provides that the commitment of any person for a crime to imprisonment for a maximum of one year or less, should be made to the county jail of the county in which such person was convicted.

*People v Woods* (Docket No. 14873, decided November 5, 1973 [unreported]), held that *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), was not applicable to misdemeanor sentences to the county jail. We hold that MCLA 769.8; MSA 28.1080 is not applicable to misdemeanor sentences to a county jail.

GCR 1963, 785.7(2) as amended, states in part:

"If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, *his lawyer and the prosecutor."* (Emphasis added.)

Defendant claims error was committed in accepting his guilty plea without obtaining the affirmative acknowledgment of both the prosecutor and the defense attorney that they had entered into an agreement with the defendant to have defendant enter such a plea.

The record shows that the defendant acknowledged the agreement between the parties, but the record does not show such acknowledgment by the prosecutor and defense counsel.

It should be noted that the court rule, as amended, became effective June 1, 1973, and the plea was taken June 4, 1973.

The case is remanded to the trial court to ascertain from the prosecutor and defense counsel whether or not the plea, as entered, correctly reflects the negotiated agreement between the parties.

R. H. CAMPBELL, J., concurred.

J. H. GILLIS, P. J. *(concurring in part, dissenting in part)*. I concur in the majority opinion, except that I see no necessity to remand this case and, therefore, I dissent from the relief granted.

The plea bargain as agreed to by the defendant was kept. A technical violation of the new court rule wherein the prosecutor and defense counsel did not make an affirmative statement on the record, in my opinion, does not require a remand especially in view of the fact that all parties agree that all conditions of the plea bargain have been fulfilled.