PEOPLE v PALMER

1. ASSAULT AND BATTERY—CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

A factual basis for a defendant's plea of guilty of assault with intent to rob while armed was established where the defendant told the court that he had entered a bar by the back door with a gun in a bag, when an accomplice announced a holdup he pulled out the gun and proceeded to rob the bar and the patrons, and that he was pleading guilty because he was guilty and that he had told the judge the truth.

2. ASSAULT AND BATTERY—CRIMINAL LAW—PLEA OF GUILTY—PROMISE OF LENIENCY—COURT RULES.

A defendant who received a maximum sentence of ten years upon his plea of guilty of assault with intent to rob while armed, an offense for the conviction of which the statute provides imprisonment for life or for any term of years, was not impermissibly induced to plead guilty because of a promise of leniency through a ten-year maximum sentence where he could have chosen to be tried on the charge of armed robbery and face a possible sentence of life imprisonment; the court agreed to a ten-year maximum because the defendant had cooperated with the police in solving several other cases, and the court rule governing the taking of pleas was fully complied with (MCLA 750.89; GCR 1963, 785.7).

3. CRIMINAL LAW—SENTENCING—LENIENCY IN SENTENCING—PLEA OF GUILTY.

It is as permissible to have the expected lesser sentence accomplished by a stated sentence concession as by reduction of the charge to fit the sentence expectation where leniency in sentencing is appropriate.

4. CRIMINAL LAW—PLEA OF GUILTY—AGREEMENT.

A plea of guilty is not made involuntary by the existence of an agreement, whether the agreement was a charge reduction,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 459, 484.
[2–4] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

dismissal of other charges, or the expectation of a stated sentence concession.

Appeal from Recorder's Court of Detroit, John P. O'Brien, J. Submitted Division 1 June 14, 1974, at Detroit. (Docket No. 18451.) Decided August 14, 1974.

Ernest Palmer was convicted, on his plea of guilty, of assault with intent to rob while armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Ostrowski, Wilson, Belanger & Boman, P. C.,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and ALLEN and EL-LIOTT,* JJ.

ELLIOTT, J. GCR 1963, 785.7 was fully and carefully complied with when defendant, who was charged with armed robbery, entered a guilty plea to an added count of assault with intent to rob while armed. He was sentenced to a maximum term of ten years with the greatest minimum term, six and two-thirds years, permitted by *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

There is no merit to the contention that a factual basis for the plea was not established as required by subparagraph 3 of that rule. Defendant told the judge that he entered the bar by the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

back door with a gun in a bag. When an accomplice announced a holdup, defendant pulled out his gun and they proceeded to rob the bar and patrons of approximately $500. He said he was pleading guilty because he was guilty and that he had told the judge the truth.

Defendant further contends that he received an impermissible promise of leniency which induced him to plead guilty rather than take the chance of being convicted of armed robbery and face a possible sentence of life imprisonment. This claim is made by reason of the following portion of the plea-taking record:

"*Q.* Do you know what the maximum sentence is on that charge?

"*A.* Yes, I do, sir.

"*Q.* What is it?

"*A.* I believe it carries life, I'm not sure.

"*The Court:* Is there a minimum sentence?

"*Mr. Daggs:* It carries life down to probation, any number of years.

"*The Court:* Let the record show, at this point that we have had Sergeant Provencal from the Armed Robbery, Major Theft Section of the Police Department here and Sergeant Provencal made a statement on this record yesterday. He suggested to me that because of your cooperation with the Police Department at the present time in solving several other cases, two other mean [sic] were arrested and one has already pled guilty; these arrests and the solution of many of these armed robbery cases came about as a result of your assistance to the Police Department. He suggested to me that I treat this case with a ten-year maximum.

"Now although this crime does carry a life sentence, at this time I would assure you and Mr. Daggs that I would treat this as a ten-year maximum, the worse *[sic]* I can do for you is put you in jail for ten years.

"I want the record to also reflect, Mr. Daggs and Mr. Palmer, if after I see a probation report in this matter,

my conscience and duties as a judge incline me toward the feeling I have to give you more than that, I will set this plea aside. At this time I see no reason for that to happen, do you understand that?

"*Mr. Daggs:* Yes, your Honor.

"*Q.* (By the court, continuing): Knowing all that, Mr. Palmer, you still want to plead guilty, is that right?

"*A.* Yes, sir.

"*Q.* And you are pleading guilty here because you are guilty?

"*A.* Yes, I am."

Later, after the waiver of each right covered by GCR 1963, 785.7(1)(d) and a determination from personal inquiry of defendant that his plea was freely, understandingly and voluntarily made and not the result of undue influence, compulsion or duress, the following dialogue is transcribed:

"*Q.* (By the court, continuing): Now has anybody made any promises to you other than the promise I have already given you myself on the record here this morning?

"*A.* No.

"*Q.* No other promises have been made?

"*A.* No.

"*Q.* You don't have any deals going with anyone about the outcome of this case other than this arrangement I've discussed here on the record?

"*A.* No."

GCR 1963, 785.7(2) provides in part:

"If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor."

This sentence admirably brings plea agreements into the open.

The unanimous opinion of the United States Supreme Court in *Santobello v New York,* 404 US 257, 260–262; 92 S Ct 495, 498–499; 30 L Ed 2d 427, 432–433 (1971), states:

"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining', is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.

"Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned. * * *

"However, all of these considerations presuppose fairness in securing agreement between an accused and a prosecutor. It is now clear, for example, that the accused pleading guilty must be counseled, absent a waiver. * * * Fed Rule Crim Proc 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, *on the record,* the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. * * * A court may reject a plea in exercise of sound judicial discretion.

"This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of

guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v New York, supra.* (Citations and footnotes omitted.)

Federal Rules of Criminal Procedure, 11, has been amended and transmitted to Congress accord- · ing to law to be effective August 1, 1974. As amended,[1] the rule requires that the court deter-

[1] "Rule 11. Pleas.

"(a) *Alternatives.*—A defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

"(b) *Nolo contendere.*—A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

"(c) *Advice to defendant.*—The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

"(1) the nature of the charge to which the plea is offered; and

"(2) the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law for the offense to which the plea is offered; and

"(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made; and

"(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

"(d) *Insuring that the plea is voluntary.*—The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

"(e) *Plea agreement procedure.*

"(1) *In general.*—The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or

mine "that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement". It permits agreement for a plea to a lesser or related charge, or predicated on

to a lesser or related offense, the attorney for the government will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions.

"(2) *Notice of such agreement.*—If a plea agreement has been reached by the parties which contemplates entry of a plea of guilty or nolo contendere in the expectation that a specific sentence will be imposed or that other charges before the court will be dismissed, the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.

"(3) *Acceptance of plea.*—If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

"(4) *Rejection of plea.*—If the court rejects the plea agreement, the court shall inform the parties of this fact, advise the defendant personally in open court that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

"(5) *Time of plea agreement procedure.*—Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

"(6) *Inadmissibility of plea discussions.*—Evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

"(f) *Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

"(g) *Record of proceedings.*—A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea."

dismissal of other charges, or with a promise that the prosecutor "will recommend or not oppose the imposition of a particular sentence, or will do both". Further, "if a plea agreement has been reached * * * in the expectation that a specific sentence will be imposed * * * the court may accept or reject the agreement, or may defer its decision * * * until there has been an opportunity to consider the presentence report". Finally, "if the court rejects the plea agreement, the court shall * * * advise the defendant personally * * * [and] afford the defendant the opportunity to then withdraw his plea * * * ".

This procedure is essentially that which ABA Standards for Administration of Criminal Justice, Pleas of Guilty, recommends. The authors suggest that among appropriate considerations in determining a charge or sentence concession is "that the defendant has given or offered cooperation when such cooperation has resulted or may result in the successful prosecution of other offenders engaged in equally serious or more serious criminal conduct". ABA Standards, Pleas of Guilty, *supra,* 1.8(a)(v).

The courts of Michigan are bound by GCR 1963, 785 and court decisions and not by the Federal rules at present nor after August 1, 1974. However, our court rule contemplates plea agreements. Defendant cites no case that holds a plea induced by promise of a certain maximum sentence is involuntary. Negotiated pleas to reduced charges are common and approved. The sentence limit achieved by this defendant could have been accomplished by allowing him to plead to larceny from a person, a felony punishable by ten years imprisonment. When leniency is appropriate, it seems at least as permissible to have the expectation accomplished by a stated sentence concession as by

reduction of the charge to fit the sentence expectation. Defendant is primarily interested in the sentence not the charge, and should have less reason to complain about a sentence within the limits of his agreement. A plea to the charge with a sentence recommendation, binding the court to fulfill that recommendation or allow withdrawal of the plea, results in a conviction for the crime actually committed and acknowledged, and, if for some reason the plea is faulty, a trial after the plea is set aside will be upon a charge that the proofs will describe. *People v McMiller,* 389 Mich 425, 434; 208 NW2d 451 (1973), holds:

"If the prescribed guilty plea procedure is observed in taking the plea, the conviction will stand. If the procedure is not observed, the conviction will be set aside and the defendant ordered tried on the charge to which the plea was offered."

In this case, the guilty plea procedure (GCR 1963, 785.7) was observed. It can be said with respect to any negotiated plea that it was induced by the agreement; that is naturally and inevitably so whether the agreement was a charge reduction, dismissal of other charges or the expectation of a stated sentence concession. The existence of any such agreement does not make the plea involuntary. Frequently the agreement makes the plea not only voluntary but earnestly desired by the defendant. The conviction will stand.

Affirmed.

All concurred.