PEOPLE v OTHA EDWARDS

1. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—PLEA AGREEMENT
   —PLEA-TAKING PROCEEDING—PRESENCE OF PROSECUTOR.

   A court rule which requires a plea agreement to be stated on the
   record and affirmatively acknowledged by the defendant, his
   lawyer, and the prosecutor, does not require reversal of a
   defendant's conviction simply because no representative from
   the prosecutor's office was present at the plea-taking proceeding
   where the plea was otherwise acceptable, but the Court of
   Appeals remands for determination from the prosecution
   whether the plea, as stated on the record, correctly reflects the
   negotiated agreement between the parties (GCR 1963, 785.7[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—STRICT COMPLI-
   ANCE—PRESENCE OF PROSECUTOR.

   A recent order of the Supreme Court which mandates strict
   compliance with the court rule governing the taking of guilty
   pleas does not require the reversal of an otherwise acceptable
   guilty plea where the plea agreement was stated on the record
   and acknowledged by the defendant simply because the prose-
   cutor was not present at the plea-taking proceeding (GCR 1963,
   785.7[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—RIGHTS OF DEFENDANT—COURT
   RULES.

   A judge is not required to inform a defendant of matters which
   are not included in the list of rights which must be explained
   to a defendant when accepting a plea of guilty (GCR 1963,
   785.7[1], [2]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 485, 487, 492–496.

   Enforceability of plea agreement or plea entered pursuant thereto,
   with prosecuting attorney involving immunity from prosecution
   for crimes. 43 ALR3d 281.

[3] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

   Court's duty to advise or admonish accused as to consequences of
   guilty plea, or to determine that he is advised thereof. 97 ALR2d
   549.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 15, 1974, at Detroit. (Docket No. 19915.) Decided January 29, 1975. Leave to appeal applied for.

Otha Lee Edwards was convicted, on his plea of guilty, of attempted breaking and entering. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training, and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: V. J. Brennan, P. J., and T. M. Burns and Carland,* JJ.

V. J. Brennan, P. J. Defendant, Otha Lee Edwards, was arrested and charged with breaking and entering a business place with the intent to commit larceny therein. MCLA 750.110; MSA 28.305. An alleged accomplice, Barbara Spears, was also arrested and similarly charged. A preliminary examination was held and both parties were bound over for trial on the charged offense. After being bound over, defendant and Barbara Spears, through their attorneys, engaged in plea bargaining with the prosecutor. As a result of these negotiations it was agreed that defendant would plead guilty to the lesser charge of attempted breaking and entering and, if his plea was accepted, Bar-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

bara Spears would be permitted to plead guilty to larceny under $100. On June 29, 1973, defendant and Barbara Spears both offered pleas of guilty. Defendant pled guilty to the lesser charge of attempted breaking and entering (MCLA 750.92; MSA 28.287 and MCLA 750.110; MSA 28.305) and was sentenced to a term of from 3 years and 4 months to 5 years in prison. Barbara Spears was then permitted to plead guilty to larceny under $100. MCLA 750.356; MSA 28.588. Defendant, Otha Lee Edwards, now appeals raising several issues for our consideration.

Defendant contends that his guilty plea must be set aside because the trial judge did not comply with GCR 1963, 785.7(2). At the time the two guilty pleas were offered, the plea agreement was stated on the record by defendant's attorney and acknowledged by defendant, Barbara Spears, and the attorney representing her. The pre-trial statements contained in the lower court file also reflect the agreement. The problem in this case arises, however, from the fact that there was no representative from the prosecutor's office present during the taking of defendant's plea. GCR 1963, 785.7(2), which became effective June 1, 1973, requires that the following procedure be followed:

"The Court shall not accept a plea of guilty or nolo contendere without personally addressing the defendant and determining that the plea is freely, understandingly and voluntarily made. If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor."

Defendant argues that the above rule was not complied with because the agreement was not

affirmatively acknowledged by the prosecutor. Defendant maintains that this failure to comply with the rule requires the reversal of his guilty plea. Defendant does not maintain that the agreement as stated on the record does not accurately reflect its terms nor does he maintain that the agreement was not complied with. All that defendant argues is that since no one from the prosecutor's office was present during the plea-taking procedures the agreement could not have been affirmatively acknowledged by the prosecutor and that therefore his plea must be reversed. This argument is ridiculous. Nothing here was violative of the agreement and defendant was not in any way misled. We do not believe that this new court rule was designed to reverse an otherwise acceptable plea simply because the prosecutor was not present at the plea-taking procedure. In our opinion GCR 1963, 785.7(2) was designed to "bring plea agreements into the open"[1] and have them placed on the record so that if it is later argued by either party that an alleged plea bargain has not been kept, a record of *all* of its terms would be available to aid a reviewing court in determining such a claim.

In *People v Leonard,* 51 Mich App 368; 214 NW2d 888 (1974), another panel of this Court was faced with a similar situation. The defendant there was convicted upon his plea of guilty of attempted resisting arrest. Defendant's plea to this offense was the result of an agreement between the parties and, although the agreement was stated on the record and acknowledged by the defendant, it was not affirmatively acknowledged by the prosecutor or defense counsel. This Court, despite the seeming mandate of GCR 1963, 785.7(5), remanded the case to the trial court "to ascertain from the

---

[1] *People v Palmer,* 55 Mich App 43; 222 NW2d 26 (1974).

prosecutor and defense counsel whether or not the plea, as entered, correctly reflect[ed] the negotiated agreement between the parties". An application for leave to appeal from this decision was filed in our Supreme Court and denied on May 15, 1974. *People v Leonard,* 391 Mich 827 (1974). On the basis of *Leonard,* therefore, we refuse to reverse defendant's conviction but, rather, choose to remand this case to the trial court to determine from the prosecution whether the plea, as stated on the record, correctly reflects the negotiated agreement between the parties.

We are not unmindful of the recent order of our Supreme Court in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), which advised the bench and bar of this state that neither substantial compliance nor the absence of prejudicial error can save a plea where the new court rule is not strictly followed. We do not believe, though, that it in any way detracts from the holding in *Leonard,* particularly in light of the fact that our Supreme Court denied leave in that case.

In the past the courts of this state have consistently eschewed a policy of reviewing guilty pleas in a manner which placed form over substance. See *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972); *People v Mathis,* 52 Mich App 140; 216 NW2d 467 (1974); *People v Poindexter,* 44 Mich App 325; 205 NW2d 235 (1973); *People v Newton,* 32 Mich App 271; 188 NW2d 241 (1971). While the new court rule and the order in *Shekoski,* at least facially, mark a departure from this policy, we do not believe the departure has been so great as to require the reversal of an otherwise acceptable guilty plea, where the agreement was stated on the record and acknowledged by defendant, simply because the prosecutor was not present.

This portion of the new court rule requires that all the terms of a plea agreement be stated on the record and acknowledged by the parties so that an accurate record of its terms is available should future reference be necessary. If the prosecutor acknowledges that the agreement in this case is properly reflected by the terms stated on the record, the purpose of GCR 1963, 785.7(2) will have been satisfied.

Defendant also predicates error on the manner in which the trial judge informed him of his right against self-incrimination and his right to compulsory process for obtaining witnesses. These alleged errors are based on the trial judge's failure to inform defendant of certain matters which are not included in the list of rights which must be explained to a defendant under GCR 1963, 785.7(1),(2). We find no error.

For the reasons set forth in our discussion of the first issue this case is remanded to the trial court to determine whether the plea, as stated on the record, correctly reflects the negotiated agreement between the parties. If it does, defendant's conviction is affirmed; if it doesn't, defendant's conviction is reversed and the case is remanded.