PEOPLE v RICE

Opinion of the Court

1. Criminal Law—Plea of Guilty—Court Rules—Compliance with Rule.

Neither substantial compliance nor the absence of prejudicial error will save a plea procedure which did not rigidly follow the requirements of the court rule (GCR 1963, 785.7).

2. Criminal Law—Plea of Guilty—Prosecutors—Presence of Prosecutors.

The prosecutor must affirmatively acknowledge a plea bargain on the record (GCR 1963, 785.7[2]).

3. Criminal Law—Plea of Guilty—Prosecutors—Appeal and Error—Plea Bargain Agreements.

A prosecutor's comments during a plea-taking aid appellate review of challenged plea bargain agreements.

4. Criminal Law—Plea of Guilty—Acceptance of Plea—Prosecutors—Court Rules.

A prosecutor should be present at a plea-taking to aid the court to make sure that the plea-taking conforms to the court rules and will not have to be stricken on appeal.

5. Criminal Law—Plea of Guilty—Acceptance of Plea—Trial by Jury—Trial by Court.

The court shall not accept a plea of guilty without first personally

References for Points in Headnotes
[1, 4, 8] 5 Am Jur 2d, Appeal and Error § 867.
   21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2-4, 10] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
[5] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.
   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[6, 7] 29 Am Jur 2d, Evidence §§ 10, 12, 224–226.
   Effect of presumption as evidence or upon burden of proof, where controverting evidence is introduced. 5 ALR3d 19.
[9] 58 Am Jur 2d, New Trial § 37.

addressing the defendant and informing him of and determining that he understands that by his plea of guilty the defendant waives the right to a jury trial or trial by the court (GCR 1963, 785.7[1][d]).

6. CRIMINAL LAW—PRESUMPTIONS OF INNOCENCE—TRIAL BY JURY— TRIAL BY COURT.

A defendant is entitled to the presumption of innocence irrespective of whether the cause is tried with or without a jury.

CONCURRENCE BY ALLEN, P. J.

7. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—VOLUNTARY PLEA—RIGHTS WAIVED BY PLEA—DEFENDANTS—INFORMING DEFENDANTS.

*A court accepts a guilty plea which is not understandingly, knowingly, and voluntarily made, and thereby commits reversible error, where prior to acceptance of the plea it fails to inform the defendant of all the constitutional and statutory rights waived by a guilty plea.*

8. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—ERROR IN PLEA-TAKING—BASIS FOR GUILTY PLEA—PROSECUTOR'S PRESENCE AT PLEA—TECHNICAL ERRORS—NUNC PRO TUNC CORRECTION.

*Errors in the plea-taking process such as the failure to establish on the record a sufficient basis for the plea or the failure of the prosecutor to be present in court are highly technical and may be corrected without the expense and delay of a new trial by a remand to the lower court for* nunc pro tunc *correction.*

9. CRIMINAL LAW—COURT RULES—NEW TRIAL—TECHNICAL ERRORS.

*A new trial is not required in every instance of technical noncompliance with a court rule even though strict compliance with its provisions has been mandated (GCR 1963, 785).*

10. CRIMINAL LAW—COURT RULES—PLEA OF GUILTY—ACCEPTANCE OF PLEA—PROSECUTOR'S PRESENCE.

*The court rule on plea-taking was not designed to reverse an otherwise acceptable plea simply because the prosecutor was not present at the plea-taking procedure (GCR 1963, 785).*

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 January 13, 1975, at Grand Rapids. (Docket No. 19354.) Decided February 12, 1975. Leave to appeal applied for.

Johnnie B. Rice was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*McCallum & Ziolkowski,* for defendant on appeal.

Before: ALLEN, P. J., and N. J. KAUFMAN and O'HARA,* JJ.

N. J. KAUFMAN, J. Defendant was charged with second-degree murder and thereafter pled guilty to a charge of manslaughter on August 16, 1973, MCLA 750.321; MSA 28.553. Defendant was sentenced to a term of from 5 to 15 years. He appeals by right.

On appeal, defendant raises two claims of error, both of which relate to the procedure by which the trial court accepted his plea. First, defendant contends that his plea negotiation was not properly acknowledged in accordance with the requisites of GCR 1963, 785.7(2).[1] Plaintiff claims that the plea bargain was "clearly stated on * * * the plea transcript". GCR 1963, 785.7(2) requires that:

"The Court shall not accept a plea of guilty or nolo

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The challenged plea occurred after the effective date of GCR 1963, 785.7, June 1, 1973, and is, thus, subject to its requirements.

contendere without personally addressing the defendant and determining that the plea is freely, understandingly and voluntarily made. If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor."

The plea transcript discloses that the prosecutor took no part in the plea-taking procedure. The transcript contains no indication that he was even present in the courtroom at any time during the plea-taking. The prosecutor did, however, file with the court, at some time during the day on which the plea was taken, a signed form which stated that he intended to agree to a reduced charge. The plea agreement itself was introduced by defense counsel, and the only acknowledgement of the agreement on the record was his statement that:

"After conference with the prosecuting attorney's office, they have indicated they would offer a charge,— offer a plea to manslaughter, the original charge being murder in the second degree. After conferring at great length with my client, and after a review of all the facts of this case, my client has indicated to me that he wishes to offer a plea to the charge of manslaughter."

The record also contains no statement by the defendant in which he affirmatively acknowledges the plea agreement.

In *People v Shekoski*, 393 Mich 134; 224 NW2d 656 (1974), the Supreme Court mandated strict adherence to the letter of GCR 785.7. According to *Shekoski*, neither substantial compliance nor the absence of prejudicial error will save a plea procedure which did not rigidly follow the requirements of Rule 785.7. Plaintiff did not comply with the

requirements of Rule 785.7 as mandated by *Shekoski.*

We do not believe in the absolute elevation of form over substance, and we hope that *Shekoski* does not represent such an elevation. However, Rule 785.7 should, at least, require the prosecutor to be present during a plea-taking. The prosecutor's presence can better assure the correctness of the plea placed on the record and his comments will aid appellate review of challenged agreements. Equally as important, the prosecutor can serve as an added aid to the court in making sure that the plea-taking conforms to the court rules and will not have to be stricken on appeal. To do so, however, he must be present in the courtroom. See *People v Hubbard,* 57 Mich App 542; 226 NW2d 557 (1975).

Defendant's second claim of error is that the trial court failed to apprise defendant of his right to a bench trial prior to accepting his plea, contrary to the mandate of GCR 1963, 785.7(1)(d)(i). Plaintiff contends that the trial court substantially complied with that mandate and that, in any event, defendant's written waiver of a jury trial exempted this requirement. GCR 785.7(1)(d)(i) requires that:

"The court shall not accept a plea of guilty * * * without first personally addressing the defendant and informing him of and determining that he understands * * * that by his plea of guilty * * * the defendant waives * * * the right to a jury trial or *trial by the court* * * * ." (Emphasis added.)

We agree with defendant. Initially we note that plaintiff's claim that the trial court substantially complied with Rule 785.7 fails in light of *Shekoski, supra,* which clearly states that substantial compli-

ance will not suffice. We find no place in the plea transcript where the trial court affirmatively informed defendant he was waiving his right to a bench trial or that he understood he was doing so. The trial court mentioned defendant's right to bench trial only once, when it asked, "Do you understand that a plea is tantamount and equal to a conviction by a court or a jury on the charge of manslaughter?"

At all other times in the plea-taking, the court spoke only of defendant's right to a jury trial. When the court advised defendant of his right not to testify and of his presumption of innocence, it did so only with reference to a jury trial.[2] By omitting any reference to a bench trial in connection with defendant's presumption of innocence, the trial court might have been heard by the defendant to say that the presumption did not govern a trial by the court. Clearly, "[i]rrespective of whether the cause is tried with or without a jury, [a defendant] is entitled to the presumption of innocence * * * ". *People v Ward,* 256 Mich 170, 172; 239 NW 335, 336 (1931). Defendant's alleged waiver of a jury trial cannot exempt the trial court from its duty to inform him that his guilty plea waives his right to a bench trial. We cannot presume any knowledge by defendant of his right to a bench trial from his waiver of a jury trial. More importantly, GCR 785.7(1)(d)(i) specifically requires the trial court to inform defendant that he is waiving his right to a bench trial and

_____

[2] "Do you understand, also, that if you did exercise your *right to a jury trial,* there would be a presumption of innocence which would be with you during the trial * * *

" * * * if you did exercise your right not to testify, the prosecutor could not comment *before a jury* on your failure to testify or raise any inferences or implications of guilt *before the jury."* (Emphasis supplied.)

that he understands he is doing so. *Shekoski* mandates strict adherence to this requirement.

Reversed.


O'Hara, J., concurred.


Allen, P. J. *(concurring in result)*. I concur in the result. I agree that because the trial court failed to inform the defendant of his right to a non-jury trial a new trial must be ordered. I do not agree that the failure of the prosecutor to be present in court and acknowledge the agreement mandates a new trial. Errors in the plea-taking process, broadly considered, may be classified as of two types. One type concerns the failure of the trial court to inform the defendant, prior to acceptance of the plea, of all the constitutional and statutory rights waived by a guilty plea. In such instances, the plea-taking judge accepts a plea which is not understandingly, knowingly, and voluntarily made. This type of defect cannot be corrected by a later proceeding.

Other types of errors are highly technical, as for example, the failure to establish on the record a sufficient factual basis for the plea *(People v Bratton,* 46 Mich App 1, 3; 207 NW2d 437 [1973]), or the failure of the prosecutor to be present in court *(People v Leonard,* 51 Mich App 368; 214 NW2d 888 [1974]). This type of defect may be corrected without the expense and delay of a new trial. The proper remedy is to remand to the lower court for *nunc pro tunc* correction.

The admonitions of *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), mandate a strict compliance with GCR 1963, 785.7, but do not go so far as to require a new trial in every instance of

technical noncompliance. This is still a matter which may be determined by this Court, depending upon the type of error. In *People v Leonard, supra,* the plea bargain was not affirmatively acknowledged by the prosecutor or defense counsel. This Court remanded the case to the trial court "to ascertain from the prosecutor and defense counsel whether or not the plea, as entered, correctly reflects the negotiated agreement * * * ". More recently, a panel of this Court in *People v Otha Lee Edwards,* 58 Mich App 196; 227 NW2d 290 (1975), considered a plea-taking which was defective because the prosecutor was not present during the plea-taking procedure, and accordingly the agreement was not affirmatively acknowledged by the prosecutor. The panel remanded the case to the trial court to obtain the prosecutor's acknowledgement that the agreement properly reflected the terms stated on the record. In so doing, the Court said:

"We do not believe that this new court rule was designed to reverse an otherwise acceptable plea simply because the prosecutor was not present at the plea taking procedure.

* * *

"We are not unmindful of the recent order of our Supreme Court in *People v Shekoski,* 393 Mich 134 (No 56,076, order of 11–21–74), which advised the bench and bar of this state that neither substantial compliance nor the absence of prejudicial error can save a plea where the new court rule is not strictly followed. We do not believe, though, that it in any way detracts from the holding in *Leonard,* particularly in light of the fact that our Supreme Court denied leave in that case."

Similarly, the Supreme Court has recognized that certain technical defects in the plea-taking may be corrected without a new trial. See *People v Dailey,*

392 Mich 757 (1974), which involved a nolo contendere matter which is also covered by GCR 785.7.

These comments are made for the purpose of avoiding any impression that my brothers' opinion, a la *Shekoski, supra,* is posturing this Court as requiring a new trial for every technical defect in a guilty or nolo contendere plea.