PEOPLE v DUKE

CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAIN—PLEA-TAKING PRO-
CEEDING—PRESENCE OF PROSECUTOR—COURT RULES.

A court rule which provides that if a plea of guilty or of nolo contendere is the result of an agreement between the prosecutor and the defendant or his lawyer the agreement shall be stated on the record of the plea-taking proceeding and affirmatively acknowledged by the defendant, his lawyer and the prosecutor, requires at the least that the prosecutor be present in the courtroom and personally acknowledge the plea bargaining agreement; failure to do so constitutes reversible error (GCR 1963, 785.7[2]).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 March 13, 1975, at Detroit. (Docket Nos. 20466, 20467.) Decided April 28, 1975. Leave to appeal applied for.

Joseph R. Duke was convicted, on his plea of guilty, of two separate attempts to unlawfully drive away motor vehicles. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William A. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

29 Am Jur 2d, Evidence §§ 526, 702.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 45 ALR3d 281.

*Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: R. B. BURNS, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. Defendant Joseph Robert Duke was charged with two separate offenses of unlawfully driving away a motor vehicle, MCLA 750.413; MSA 28.645. Specifically, defendant was charged with unlawfully driving away a 1972 Buick on August 14, 1973, and with unlawfully driving away a 1967 Chrysler on September 20, 1973. Both cases were assigned to the same Detroit Recorder's Court judge.

As a result of plea bargaining on October 1, 1973, defendant entered pleas of guilty in both cases to the included offense of attempt to unlawfully drive away a motor vehicle. MCLA 750.92; MSA 28.287. The plea bargain consisted of defendant entering the plea to attempt in both cases in exchange for an agreed maximum sentence 2-1/2 years on each charge to run concurrently. The remaining formalities of the plea hearing were complied with, and the court accepted the pleas.

On October 15, 1973, defendant appeared for sentencing and was placed on probation for 2 years. The court explained the terms of the probation to defendant and further stated that if defendant was back in court, he would go to prison for "the maximum term authorized for your offense".

On October 24, 1973, defendant appeared before the court on a warrant charging probation violation. A hearing was held and three Detroit police officers testified under oath that on the evening of October 16, 1973, defendant was found inside a

muffler shop, which had been broken into, in possession of burglar tools and a revolver. The court revoked defendant's probation and sentenced him to two terms, each for 1-1/2 to 2-1/2 years, to be served consecutively. An outburst by the defendant led to a 30-day sentence for contempt of court. When the sentencing hearing resumed on November 13, 1973, defendant was again sentenced to two 1-1/2 to 2-1/2 year consecutive sentences. The record reveals that a charge of breaking and entering based upon the underlying fact which caused the probation revocation was dismissed by the court without motion.

On March 8, 1974, defendant's motion to vacate the plea and sentence was denied, and on April 22, 1974, the trial court denied defendant's motion to correct the sentence. Leave to appeal was granted by this Court on June 25, 1974.

Defendant claims that the original plea bargain bound the trial court to impose sentences for not more than 1-1/2 to 2-1/2 years which were to run concurrently. Defendant maintains that since the trial court violated that bargain by sentencing him to consecutive terms of 1-1/2 to 2-1/2 years, he is entitled to withdraw his guilty plea or at the very least to have his sentence corrected to comport with the original plea bargain. While defendant's arguments are forceful, we need not reach them for we are of the opinion that defendant's plea-based convictions must be reversed because of noncompliance with GCR 1963, 785.7(2).

GCR 1963, 785.7(2), effective June 1, 1973, requires that:

"The court shall not accept a plea of guilty or nolo contendere without personally addressing the defendant and determining that the plea is freely, understandingly and voluntarily made. *If the tendered plea is the*

*result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor."* (Emphasis added.)

In the case at bar, the plea transcript reveals that the prosecutor not only did not acknowledge the agreement, but that he was not even present in the courtroom during the plea-taking proceeding.

In *People v Rice,* 58 Mich App 538; 228 NW2d 452 (1975), this same issue was raised. Our Court there held that the prosecutor's absence during the plea-taking proceeding mandated reversal in light of the Supreme Court's order in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974). The *Rice* Court stated at p 542; 228 NW2d 454:

"We do not believe in the absolute elevation of form over substance, and we hope that *Shekoski* does not represent such an elevation. However, Rule 785.7 should, at least, require the prosecutor to be present during a plea-taking. The prosecutor's presence can better assure the correctness of the plea placed on the record and his comments will aid appellate review of challenged agreements. Equally as important, the prosecutor can serve as an added aid to the court in making sure that the plea-taking conforms to the court rules and will not have to be stricken on appeal. To do so, however, he must be present in the court room. See *People v Hubbard,* 57 Mich App 542; 226 NW2d 557 (1975)."

The instant case perfectly illustrates how important it is for the prosecutor to be present during the plea-taking proceeding. Had the prosecutor been present in the case at bar, he could have seen to it that the record unambiguously contained the

plea bargain. Had this been accomplished, the entire plea bargain issue raised by defendant Duke would not have reached this Court.

This author is aware that he was a member of the panel in *People v Edwards,* 58 Mich App 196; 227 NW2d 290 (1975), wherein the Court considered the same issue and held that reversal was not required. However, after carefully reconsidering this issue in light of *Shekoski* and *Rice,* I am convinced that the *Rice* opinion represents the better view on this issue. Therefore, *Edwards* notwithstanding, I now subscribe to the view that a prosecutor's failure to personally acknowledge a plea bargaining agreement at the plea-taking proceeding constitutes reversible error under *Shekoski* and GCR 1963, 785.7(2).

Reversed and remanded.